UNITED STATES COURT OF APPEALS
NINTH CIRCUIT

**FILED**

NOV 21, 2022

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 02 2022

FILED
DOCKETED _____
DATE

---

ABDUl HOWARD
   Petitioner

CASE NO: 2:13-cr-00186-GMN-VCF
NO: 2:19-cv-01344-GMN

V.

1:23-cv-00053-CDB(HC)

WARDEN TRATE
   Respondant

PETITION FOR
WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241
BY PERSON IN FEDERAL CUSTODY

ABDUl HOWARD # 47855048
 In pro se
United states Penitenciary
  USP ATWATER
P.O. BOX 019001
 ATWATER, CA. 95301

## FACTUAL AND PROCEDUAL BACKGROUND

mr Howard was indicted on may 21, 2013, and a
Superseding indictment issued On July 2, 2013, alleging,
inter alia, That mr howard Knowingly possed a Firearm in
violation oF 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF 20
at 2. mr Howard proceeded to Jury trial and was Found
guilty on July 5th, 2014, ECF No. 191 He was Sentenced to
15 years to run Concurrently Count 25, and Count 27, 240 months
to run Consecutive to all other Counts, to liFe For Counts 1, 3, 5,
7, 9, 11, 13, 15, 17, 19, 21, 23, 26 to run Consecutive to all other Counts,
to liFe For Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24 to run
Consecutive to all other Counts. ECF No 252. The Court denied
2255 Motion ON December 16th oF 2021, No. 376, And The
Ninth Circuit Court denied CertiFicate oF appealability oN
October 31st 2022, ECF No. 384.

## POINTS AND AUTHORITIES

## ISSUE #1                                                    ①

" The proceedings before This honorable court
In pro se Capacity does not proclaim That he
is not Cognizant In The complexity of law.
And hereby, respectfully move The Court To liberally
Construe This motion under supreme ct. ruleing "
in Haines v. Kerner; 404 U.S. 519 (1972).

And Estelle; 429 U.S. at 106
" (A document Filed pro se is to be liberally Construed.
A prose complaint, however inartfully plead must
Be held to less stringent standards Than
Formal pleadings drafted by lawyers) "

Generally, a Federal prisoner may only challenge The legality
of his Confinement Through a 28 U.S.C. § 2255 motion
Under The "escape hatch" provision of § 2255 (e) a Federal prisoner
may File a § 2241 petition, but only iF the § 2255 remedy
Is inadequate or ineffective to test the legality of his
detention. In a § 2241 petition, The Prisoner must typically
Show (1) actual innocence, and (2) That he has not had an
"Unobstructed" procedual shot to present his challenge.
Agin The appellant presents to the habeas Court multiple
affidavits that were not presented At trial or at direct
appeal. And These affidavits That were not presented
at trial iF proven would establish his Factual innocence
Under Bousley v. United States; 523 U.S. 614, 623, 118 S.Ct
1604, 140 L. Ed. 2d. 828 (1998)

## ISSUE #1                                                    ②

## MR HOWARD has not had and Unimpeded opportunity To Present his claim of actual innocence

IT is well established That the due process clause guarantee's a criminal defendant a meaningful opportunity to present A Complete defense. see, <u>Chambers V. Mississippi</u>; 410 U.S. 284, 294, 935 ct. 1038, 35 L.Ed. 2d 297 (1973) "That right is violated when critical defense evidence is excluded From trial," Allso See, <u>DePetris V. KuyKendall</u>; 239 F.3d 1057, 1062 (9th cir 2001) The witness who have provided Sworn testimony in The Form of An Affidavit, Under The penalty of perjury were not presented at trial, even Though these witnesses are trust worthy, credible, and would have provided testimony That Abdul Howard was in Fact in Hayward, CA. At The time of (22 Counts of A 27 Count) indictment. Counsel did not and in Fact Could not state why she chose not to Call Key defense witnesses at trial. (see, Exhibit #5, Pg. 11 of 12, line 6 thru 25). See, <u>Alcala V. Woodford</u>; 334 F.3d 862, 870 – 71 (9th cir, 2003) "(Finding presentation of alibi defense "Plainly deficient" because Counsel Could not State why Key defense witness had not been call at trial") Furthurmore, One of The Key witnesses For The goverment(Veronica Reed") Identifyed An entirely different suspect As the robber. See, (Exhibit #5, page 2 of 12, line 17-19). The ineffective assistance of Counsel claim is relevant As to The probability of A different out come at trial. The eye witnesses were willing and available to testify Before trial. Exhibit# 4, Show's This Fact to be true. Other witnesses and Affidavits were aquired after The guilty verdict. And mr howard has not had and Unobstructed opportunity to present These

# POINTS AND AUTHORITIES  ③

As The Court encouraged him to do, and provide affidavits of said witnesses, Exhibit #5 page #11 of 12, The Court stateing to The defendant to obtain affidavits. Moreover, The appellant presented affidavits in his "motion For new trial", However, It was denied as "moot" by The Court, because appellant's direct appeal was pending. As Appellant was Unable to contact appellant Counsel, So The appellant Filed said motion himself, Exhibit #1, Shows how appellant Counsel disreguarded These Issue's. And Shows These Facts to be true. Appellant Counsel was ineffective as well. The Facts presented are exculpatory Evidence which must be addressed by this honorable Court. "A manifested injustice" Has occured, The appellant has 24 life sentence's For 924(c) STakeing of Hobbs act Robberys. To establish actual innocense For The purposes of "Habeas relief", a petitioner "must demonstrate That in light of all The evidence it is more likely That Know reasonable juror would have Convicted him," Stephen v. Herrera; 464 F.3d 895, 898 (9th cir. 2006) quoting, Bousley v. United States; 523 U.S. 614, 623, 118 S. ct. 1604, 140 L. E.d. 2d 828 (1998) ("To be credible a claim of actual innocence requires petitioner to support his allegations of Constitutional error which new reliable evidence whether it be exculpatory, scientific evidence, "Trustworthy eye witnesses" or critical physical evidence — That was not presented at trial")..., Schlup v. Delo; 513 U.S. 298, 324 (1995) (emphasis added). Here The appellant ABDUL HOWARD presents Trustworthy eye witnesses accounts via sworn affidavits That if taken as true would prove his Factual innocence.

# POINTS AND AUTHORITIES    ④

Put differently The eye witnesses testomony would put The appellant Abdul Howard approximately 8 hundred miles From The Crime of 22 Count's of a 27 count indictment. The appellant must present to The habeas court affidavits of witnesses, see, Week's v. Bowersox; 119 F.3d 1342, 1352-53 (8th cir. 1997). Ali Faison is and Employee of The metropolitan police department of Clark county, lasvegas NEVADA. He investigated And Obtain other witnesses For the appellant that are in Exhibit's with many more available.
    "Fileings by pro se litigants are entitled to special deference, and are not to be held to The standards of attorney's" quoteing, Eldridge V. Block; 832 F.2d 1132, 1137 (9th cir. 1987) As appellant Counsel refused to present relevant issue's on direct appeal. A witness who Comes Forward with information That iF proven would demonstrate a reasonable probability of a different out come in The trial, especially where The witness was willing and able to provide such information, but Counsel Failed to make reasonable able attempts to establish Contact warrants relief were a Jury would have Came to a different Conclusion at trial". Please", review Exhibit's of witnesses. Petitioner was denied a meaningful opportunity to be heard. One of The hall marks of procedual due process by This honorable Court, see Austin V. Univ. of Or., 925 F.3d 1133, 1139 (9th cir. 2019); Allso see Frazer V United states; 18 F.3d 778, 784-85 (9th cir. 1994) "(reversing and remanding denial of habeas petition For evidenciary hearing were magistrate Judge dismissed allegations as "conclusory" and "Unsupported by any Facts" without holding an evidenciary hearing")

# Points And Authorities

⑤

United states v. two tracts of Land Cascade County Montana; 5F.3d 1360, 1362 ((9th cir. 1993)("reversing and remanding Summary Judgement For testimony by live witnesses where Court determand affidavits were not credible)". Martin v. Baldwin; 2000 U.S. App Lexis 21031 (9th cir. May 2000)("holding Trial was largely a Credibility Contest and if believed, Newly Submitted evidence could Compel a Finding of actual innocence"). see, Schlup v. Delo; 513 U.S. 298 130 L.Ed. 2d 808, 115 S. Ct 851 (1995) also see, Williams v. Calderon; 48 F. Supp. 2d. 979, 989 (C.D. Cal. 1998). ("noting in the Context of a habeas claim "The Court is not to determine issues of Credibility on a motion For Summary Judgement, instead, The Truth of each party's affidavit's is assumed")" Williams, 384 F.3d at 628. In other words The affiants statements presented in The affidavits Submitted by The petitioner Must be assumed as true and The only way to establish this truth is to hold and evidenciary hearing which The Court did not. This deprived The petitioner of a meaningful opportunity to be heard on The Substance of The claims. And an evidentiary hearing is warranted "When enough Facts are alleged to take The question past The Frivolous stage" quoting United states v. Oaks; 508 F.2d 1403, 1404, (9th cir. 1974)"
The Court violated procedual due process, causeing prejudice To The appellant, Strickland v. Washington; 466 U.S. 668, 687, 1045, ct. 2052, 8 L.Ed.2d 674 (1984), Af it indicates pursuant to The "strickland" standard, That Failure to properly investigate and present These witnesses prejudice The appellant, "at trial." Appellant has made Specific Factual allegations. That

# POINTS AND AUTHORITIES

(6)

The Submitted affidavits in Exhibit #<u>1,2,3,4</u>, and <u>7</u>, Appellant humbly ask This honorable Court To review. Appellant Counsel whom witness in Exhibit, #<u>1</u>, Ali Faison, An Employee of The Metropolitan police department of Clark County of las vegas Tryed numorus Times to Contact appellant Counsel, when Unsuccessful Sent an affidavit in Exhibit#<u>1</u>, directly to The ninth circuit Court. Exhibit #<u>1</u>, Show's These Facts to be true. And then and upto date affidavit in 2019 For Said appellant's 2255 motion to set aside sentence, Exhibit #<u>3</u>. Exhibit #<u>2</u> is An affidavit From said witness That mr Faison state in affidavit in Exhibit #<u>1</u>, And <u>3</u>, Date August 12th of 2022. These witnesses were For appellant Counsel. However, Exhibit #4 Show's witnesses For trial Counsel That They had Knowledge of before trial. Moreover, state's how Trial Counsel was <u>"rude and disrespectful and did not Care"</u>, And told trial Counsel That other witnesses were available, stated in affidavit. Appellant was prejudice by trial Counsels neglect. These affidavits show's all these facts to be truthful and Correct That Abdul Howard was in california, 8 hundred mile's From lasvegas For 22 Counts of This 27 Count indictment. I Did as The Court told me to do, review Exhibit#5 pg 11- of line 6-Thru 25 <u>"If Things don't go your way get affidavits"</u> stated The Court

I say To This honorable Court, what More could I have done to prove my innocence. Trial Counsel did not give me Any defence at all. Not one question asked to witnesses For my benifit atall.

# Points And Authorities

⑦

Howard v. clark; 608 F. 3d 563, 573 (9th cir. 2010)

(" Case remand For evidentiary hearing to determain
iF Counsel was ineFFecTive For Failure to interview
witnesses")

Crisp v. DuckworTh; 743 F 2d 580, 584 (7th cir 1984)

(" An attorney who Fail even to interview a readily
avaliable witness who's noncumulative testimony
may potentally aid the deFense should not be
allowed automatically to deFend his Omission
Simply by Raising The shield oF trial strategy
and tactics")

Alcala v. WoodFord; 334 F 3d 862 (9th cir. 2003)

(" Counsels Failure to properly present alibi
deFense was ineFFective assistance where
attorney Failed to Secure testimony From
witness That deFendant was outoFstate
when crime committed.")

" Petitioner request For a new trial "

# POINTS AND AUTHORITIES

## "INCONCLUSION"

⑧

The dismissal of All The claims as "Conclusory" was an abuse of The Courts discretion. "Conclusory" means ("[e]xpressing a Factual inFerence withouT sTateing The underlying Facts on which The inFerence is based") see;
## "BLACKS LAW DICTIONARY"
308 (8th ed. 2004) see; Allso, Hill v. Booz Allen Hamilton 2009 U.S. Dist. Lexis 50193 (D. Guam, June 9th 2009).

The appellant stated said claim[s] and stated The Facts, and presented aFFidavits in support of The Facts, and Thus The Court was required to hold An evidenciary hearing, however did not, violateing procedual due process, Causeing A Misscarage of Justice.

The appellant is suffering in violation of the 8th Amend. of Cruel and Unusual punishment of the U.S. Const. Caused by trial counsel, and appellant Counsel.

# ISSUE #2

(9)

# Failure To investigate Compentency

Counsel did not inform The Court or question the appellant's mental state. The record shows That The defendant assumed That his lack of food due to his medication that he was takeing was causeing him to not to stay focused, and have understanding of The proceeding's as They were going on. Appellant complained to The Court, and The Court ordered the marshal's to give The defendant a proper diet during trial as He was not recieveing food. Only a bologny and cheese sandwich For several day's in a row, nothing different. Now Incarsarated in a mental, and drug program review Exhibit # 9  Appellant now Know's That his mental state or compentency was not truely Functioning Correctly. As presented in said 2255 motion with Exhibit's of prescribed medication in Exhibit # 13 . The appellant Is A victom of The opiod Epidemic. As The Exhibit That was sealed in 2255 motion exhibit #13, That Appellant was Takeing loratabs and soma's and another Musle relaxer. more over became addicted to said prescribed medication. Review Exhibit's # 6 , 9

<u>Strickland v. Washington; 466 U.S. 674 (1984)</u>
"Fair Trial is one in which evidence subject to adversal testing is resented to an impartial Tribunal For resolution of issues defined in advance of proceedings."

<u>Bemore v chappell; 788 F.3d 1151 (9Th cir. 2015)</u>
" Even iF presenting mental health evidence would have Conflicted with or diluted an alibi defense in This instance, That Fact

⑩

# FAILURE TO INVESTIGATE COMPETENCY

does not absolve Counsel of a duty to investigate A mental
health — or — alibi — deFense. That way he could decide
in an inFormed manner which deFense was perFerable, an
especially, critical decision where The weakness of an alibi
should have been Known "). FurThermore, ("despite Counsel's
Unreasonable investigation, Failure to not pursue mental health
issue was ineFFective") Quoteing "Bemore" ("pursuant to strickland")

## Evans v. Lewis; 855 F.2d 631, 636-39 (9th cir 1988)

"(Counsel Failure to pursue The possibility of
establishing The defendant's mental instability
Constituted ineFFective assistance").

I Express To This honorable Court That appellant was
Faceing The "death penalty"; Capital murder In The
State at That time as well. State case No: 14-295859-1.
Counsel new of my abuse to prescribed medication, and said
state offenses. My medical records That I presented as Exhibit # 13
In my 2255 motion to set aside sentence was sealed by The Court.
I Filed A motion in October of 2022 to have The medical
records Unsealed to present Them as Exhibit's to This honorable
Court. However, The court denyed my request. Review Docket #
337-4 to 7 of sealed document in 2255 motion.

ISSUE #3

# PSR REPORT PREJUDICAL

## AND
## UNCONSTITUTIONAL

(11)

Counsel presented untrue information To The probation office, and now That untrue information is being used to present False information to psychology treatment staff In The program in which The appellant is seeking help with mental, and addiction issue's. review Exhibit 9, 7 and __. Appellant Filed a motion to The Court to be seen by The probation office For PSR, Review docket# 231, IN November 2014, and The Court granted said motion. However, Then changed her mind and let my trial Counsel deny me That right once agin to present Correct Fact's to The probation report. Review docket #231, 232, 234 of The Court stateing That Counsel has The right to make The decision For me To see The probation department without Counsulting with me First. The PSR report presented to The Court is incorrect, Exhibit #7, 8, Shows This Fact to be true, As all the state charged offense's on said probation report were dismissed. This doe's not show on The psr report. Family, and Employment history, Education history is all incorrect. This report is, and was prejudical to The petitioner. Exhibit #7 shows This Fact to be true, Furthermore, in The state Court The appellant was Faceing The death penalty "capital murder", Those charge's were dismissed January 26th of 2022. Those charge's were prejudical to The petitioner, and this is why I was treated unFairly state case No: 14-295859-1.

    Pursuant Too "CONCEPTION V· UNITED STATES" petitioner should be re-review and a new psr Report done and resentenced.

ISSUE#4

12

SENTENCE
"3559 ENHANCEMENT ILLEGAL"

The court denied This issue by stateing That The appellant was not sentence to The section of The 3559 section pursuant To The residual clause. However, was sentence on The 2 strikes of The state offense's of Coercion, and robbery of The state conviction's. These 2 Conviction's however do not qualify as The court claim's That They do... pursuant To United states v. Edling; 895 F.3d 1153, 1156-1157 July 12th 2018 (9th cir.) The nevada Revised statutes Being NRS 200.380, and NRS 207.190 are not crimes of violence. The language by The Court interpitate's A crime when The NRS itself State's another, There For changeing The construction of The statutory language of The law. Also creating ambiguity, and vaugness which goe's aginst The goverment. The ninth circuit Court stands firm on This issue of Statutory language. The Exhibits show Said facts to be True and correct. The state of NEVADA is historic For violateing The changing of The statutory language of The law. language of a diferent statute cannot be implamented to another statute. Changing The Statutory language of The original statute that The defendant is pleading guilty to. Review Exhibit #10 The Judgement of Conviction state's NRS 207.190, And All so The court minute's state's That The language That The Court Use's is not listed in The language of Coercion in which what The appellant plead guilty to in state Court. All so Said Judgement of Conviction in Exhibit #11 states NRS 200.380 That was ruled in "Edling" as Know longer A crime of violance. These are The Two crimes

# POINTS AND AUTHORITIES    (13)

## "3559 SENTENCEING ENHANCEMENT"
## "ILLEGAL"

"Any ambiguity must be Construed aginst the goverment² pursuant too: U.S. VS' GIGOT; 147 F.3d (10th cir. 1998) see, Medina-Lara v. Holder; 771 F.3d 1106, 1111 (9th cir 2014 same

U.S. v. Werle ; 815 F.3d (9th cir. 2016)
"(and over broad statute can never serve as a predicate offense for sentencing enhancement")
"The language is mutualy exclusive, both based on one act cannot stand"

United states v. Hakim Mohammed Willams;
Case No; 2:98-cr-0309-KJD-RJJ
Related case 2:16-cv-1486-KJD Decided July 10th 2020

"924 (c) Are Know longer crime of violance"

Allso,
924 (c) Stakeing is Considered unconstitutional. pursuant to "Johnson" Said offenses used also donot qualify petitioner.

# POINT AND AUTHORITIES

14

## " 3559 ENHANCEMENT ILLEGAL"

Furthermore, Under 3559, Sentencing classification
of offenses (a)(3) does not qualify the appellant for
and enhancement.

The term "(Serious violent Felony)" Does not
qualify appellant For This enhancement, pursuant Too
First Step Act, 3559 (F)(i)

pursuant Too:

### CARACHURI-ROSENDO,
petitioner

vs

### ERIC H. HOLDER, Jr., Attorney General
560 US 563, 130 S Ct 2577, 177 LEd

" These requirements are part and parcel of what it means
For a crime to be a 'recidivist' offense. Id., at 391.
[U]nless The state successfully sought to impose punishment
For a recidivist conviction, The BIA concluded, a state
Simple conviction Cannot 'proscribe conduct punishable as
'recidivist under Federal law. Ibid."

" Under This approach, as The Court of Appeals understood
it, Courts [g]o beyond The state statute's elements
To look at the hypothetical conduct a state statute
proscribes."

"In The absence of any finding of recidivism, we
need not, and do not decide whether These
additional procedures would be necessary"

"The prosecutor elected to [a]bandon a recidivist enhancement

POINTS AND AUTHORITIES IS

"INDICTMENT VOID" AND ~~INFORMATION~~

THE "SECOND AMENDEN INFORMATION
NOTICE OF ENHANCED PENALTY PURSUANT
TO 18 U.S.C. § 3559 (c)"

"DEFECTIVE INFORMATION, AND INDICTMENT"

Notice OF The enhancement Filed in exhibit # 12
Is defective as The enhancements presented do not qualify
For The 3559 enhancment. Moreover makeing The indictment
Void as well pursuant to 3559(c). Furthermore, now
Pursuant to "CONCEPCION V UNITED STATES" Said petitioners
Sentenceing enhancement Now should be review and vacated As it
should No longer stand pursuant to The ninth circuit case law.
Pursuant Too. "Jones v. Hendrix;" ISSUE IN exhibit # 13.
The indictment violated due process by not giveing The
defendant notice OF A Knowledge requirement as A Felon.
Knowingly Possessed a Firearm, violateing of "18 U.S.C. 922 (g) (1) see;
United states V. Valencia - mendoza; 912 F.3d 1215
(9th cir. 2018)    "same"
United states V. McAdory, 955 F.3d 838 (9th cir. 2019)
        "same"
William v. United states, 2021 U.S. Dist. Lexis 206019
(9th cir. 2021)        "same"

review Exhibit # 13 "The district court lack Jurisdiction under
18 U.S.C. § 3231 to Convict or Sentence The appellant. As The
indictment lacks Rehaif mens rea status element."

# POINTS AND AUTHORITIES

(16)

## "INDICTMENT IS VOID

IF This honorable Court would review The enhance information, #12 it would show The appellant's First Conviction as a Juvenil. In The state of new york, by state law if a Convicted Felon stay's out of trouble For 7 years his record is Considered clear, and clean. As I am From buffalo new york, originaly I assumed That Every state laws were The Same. This is also how new york Consider's Thier habitual criminal's. Thier For I assumed That Those laws applyed to me in lasvegas, nevada, That I was a regular citizen and could possable posses a Fire arm. "moreover" The second amended information presented offenses were also incorrect, That way The Court only Used The 2 nevada Conviction's. The Buffalo new york conviction I was 13 years old 1978, and The Florida was not a Conviction. The prosecutor did not present a Judgement of Conviction For This minor drug in Fraction. And I have never been to prison Untill I was Convicted in lasvegas nevada. None of my offense's are serious violant Felony's. please review Exhibit #13, As to why, I Express to This honorable Court,,, Page 11 of Exhibit #13 and 12, 13, 14...

Furthermore, I ask This honorable Court to review Exhibit #13 entirely as A part of This Indictment issue presented.

## IN CONCLUSION



The only relief For petitioner is

To vacated All convictions and sentence.

Remand For A NEW trail

AS A manifested InJustice

Has occured...

RESPECTFULLY SUBmitted

abdul Howard

DATED This 21st day of November 2022

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

(18)

ABDUL HOWARD
petitioner

vs

CASE NO: 2:13-Cr-00186-GMN-VCF

UNITED STATES OF AMERICA
Respondant

AFFIDAVIT

WHEREFORE, petitioner prays That The Court grant petitioner Relief To which he may be entitled in This proceeding...

I SWEAR OR AFFIRM Under The penalty OF Perjury, That Under United States law That The "2241 Writ OF habeas" is True and Correct To The best of my Knowledge. (28 U.S.C. 1746; 18 U.S.C. 1621).

RESPECTFully Submitted

abdul Howard

DATED This 21st DAY OF November 2022

# Content's of Exhibits

Exhibit#1, Affidavit of witness Ali J. Faison sent to the ninth circuit Court in 2015

Exhibit#2, Up to date Affidavit of witness Dwayne Tubbs Dated August of 2022,

Exhibit#3, Affidavit of witness Ali J. Faison updated for petitioner's 2255 motion to set aside sentence. 2019

Exhibit#4, Affidavit of witness, Deborah Johnson Filed in 2014 in motion For new trial. And 2255 motion

Exhibit#5, Trial Transcript's of Court in Exparte. 12 page's...

Exhibit#6, Medical records of prescribed medication That petitioner was addicted to...

Exhibit#7, Statement of Daughter, step. 2015

Exhibit#8, Affidavit of attorney, state, That all case's were dissmissed

Exhibit#9, Contract of Drug and mental health program That appellant is currently participating in, From April 2022 untill present.

Exhibit#10, Court minute's For state Coercion case, and Judgement of Conviction

Exhibit#11, Robbery Judgement of Conviction

Exhibit#12, Second Notice of Enhancement (3559)(c)

Exhibit#13, Motion of Issue of Indictment 922(g) and 3231



Exhibit

AFFIDAVIT

#1

Affidavit of witness

Ali Faison

Dated August 10th 2015

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 23 of 89
Case 1:23-cv-00053-JLT-CDB     Document 1     Filed 11/21/22     Page 23 of 89
Case: 22-15040, 04/08/2022, ID: 12416603, DktEntry: 8, Page 32 of 37
Case 2:13-cr-00186-GMN-VCF   Document 337-3   Filed 08/01/19   Page 16 of 87

CLERK, U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939

9TH CIR. NO.: 15-10042
D.C. NO.: 2:13-CR-00186-GMN-VCF

## RE: ABDUL HOWARD

To Whom It May Concern:

My name is Ali Jai Faison. I am a volunteer Muslim Chaplain of the CCDC in Las Vegas, Clark County, Nevada. I am writing this letter in an effort to address the case of above named individual. I made attempts to contact his attorney, Todd Leventhall, in April, May and June but never got a return phone call from him or his office.

I can swear under oath that Abdul Howard was in the State of California, in the months of January, February and March of 2013. I spoke to him over the phone in January after he had arrived in California. He had been put out of his sister's place of residence for personal reasons, was sleeping in his car, and was trying to look for a job. He tried to receive lodging and assistance from the local Muslim community in Hayward, California. I referred him to a friend of mine, Dwayne Tubbs, a.k.a. Wali Shakir, who provided Abdul Howard with temporary residence and financial assistance for a period of time in February. Thereafter, Abdul Howard went to Oakland to attempt to do Day Labor, and eventually he had to move out of the residence of Mr. Tubbs due to the arrival of his wife on February 23, 2013. Abdul Howard then went to a motel for a period of time and, after unsuccessful attempts to find employment, he returned to Las Vegas after having vehicle difficulties on the highway.

Mr. Tubbs has first hand knowledge of times, dates and events for the time period he housed and assisted Abdul Howard. He has agreed to come forth as a witness or to be deposed under oath for his testimony in this case.

Contacts:
Ali Jai Faison (775) 412-5868
Dwayne Tubbs (Wali Shakir) (408) 981-9890

I hope that you will use whatever information at your disposal in order to get to the truth for which our justice system and courts are sworn to uphold.

Please contact us if any additional information is needed.            Dated August 10, 2015

Respectfully,

*Ali Jai Faison*

Ali Jai Faison

EXHIBIT

AFFIDAVIT

#2

up to date Affidavit

of witness

DWAYNE TUBBS

**ABDUL WALI SHAKIR aka DWAYNE TUBBS**
**2085 OLD HARDEN ROAD**
**WINNSBORO, SC 29180**
**408 981-9890**

August 12, 2022

Abdul Howard #47855048
United State Penitentiary
USP Atwater
PO Box 019001
Atwater, CA 95301

Dear Abdul:

Enclosed is a copy of the Affidavit I plan to send to the Court on your behalf.  Please take a look at it and let me know if you believe it will be helpful or not.  I will send it only with your approval.

As salaamu alaikum

*Wali Shakir*

**ABDUL WALI SHAKIR aka DWAYNE TUBBS**
**2085 OLD HARDEN ROAD**
**WINNSBORN, SC  29180**
**408 981-9800**

Clerk, U.S. Court of Appeals
For the Ninth Circuit
PO Box 193939
San Francisco, CA  94119-3939

RE:    9th CIR. NO.: 15-10042
       D.C. NO.:2:13-CR-0186-GMN-VCF
       Abdul Howard

Now come the undersigned Abdul Wali Shakir aka Dwayne Tubbs, after being first duly sworn

under oath, deposes and says the following:

This affidavit is provided to clarify the affidavit of Ali Jai Faison regarding the above referenced

person and matter.  At the request of Mr. Faison, I allowed Mr. Abdul Howard to stay in my

home located in Hayward, California for several days beginning on or about  January  20, 2013

and ending on or about February 23, 2013.


August 12, 2022

                                    _Abdul Wali Shakir_
                                    ABDUL WALI SHAKIR aka DWAYNE TUBBS


Sworn to before me
This 12th day of August, 2022

_Valerie G. Bryte_
Notary Public of South Carolina

My Commission Expires: 11-23-2026

Exhibit

#3

up to date AFFidavitt
For appellants
2255 motion, Done
By witness in 2019

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 28 of 89
Case 1:23-cv-00053-JLT-CDB   Document 1   Filed 11/21/22   Page 28 of 89
Case 2:13-cr-00186-GMN-VCF   Document 337-3   Filed 02/01/1509 Page 14 of 87

## AFFIDAVIT

STATE OF NEVADA     )
                       ) ss:

COUNTY OF CLARK    )

Ali Jai Faison, first being duly sworn, deposes and says:

1.    My name is Ali Jai Faison.

2.    I am a volunteer Muslim Chaplain at the Clark County Detention Center.

3.    To the best of my knowledge and belief, Abdul Howard was in the state of California during the months of January, February and March of 2013.

4.    It is my understanding that Mr. Howard stood trial in Federal Court in Las Vegas for crimes that were alleged to have occurred during this time period which I knew him to be in the state of California in 2013.

5.    In January of 2013, Mr. Howard called me on my cell phone from California.

6.    He informed me that he had been sleeping in his car, looking for work and had attempted to receive assistance from the local Muslim community in Hayward, California.

7.    At that time I referred Mr. Howard to Dwayne Tubbs, a.k.a. Wali Shakir, who provided temporary residence to Mr. Howard for a period of time during February of 2013 in Oakland, CA.

8.    As I understand it, Mr. Howard resided in Mr. Wali Shakir's home until February 23, 2013 and then resided in hotels in the Bay Area before returning to Las Vegas.

9.    It is my understanding that Mr. Wali Shakir is willing to testify or be deposed under oath regarding Mr. Howard's whereabouts during the months of January, February and March of 2013.

10.    On August 10th, 2015, I sent a letter to the Clerk of the U.S. Court of Appeals for the Ninth Circuit, a copy of which is attached as "Exhibit A" to this affidavit.

11.    In the months of April, May and June of 2015, I called and left messages with the office of Todd Leventhall, the attorney appointed to represent Mr. Howard during the appeal of his conviction.

12.    I never received a return call from Mr. Leventhall's office.

Further Affiant sayeth naught.

AH Jai Faison, phone # 1-775-400-3114

SUBSCRIBED and SWORN to before me

this 8th day of January, 20 19.

NOTARY PUBLIC

Shadonna Scarry
Notary Public
State of Nevada
My Commission Expires 04/08/2022
Certificate No: 10-1953-1

Exhibit
#4    2 pages
For review
witness Deborah Johnson
Affidavit

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 3-3, Page 31 of 89
Case 2:13-cv-00586-JCM-CBP Document 37-3 Filed 11/21/22 Page 31 of 89
Case 2:13-cr-00186-GMN-VCF Document 205-3 Filed 07/01/14 Page 2 of 3

District of Nevada

Case No:
2:13-CR-00186-LMW-VCF

Denise D. Kestell Spokane County
Denise D. Kestell

8/24/10  Letter of Notice to
This Court

I Deborah Johnson in this letter to
this Court in the above Case No: 2:13-cr-
-00186-GMW-VCF, I wish to inform this
Court that I have Personal Knowledge,
and I am a witness to the fact that
Abdul Howard was not in Las Vegas, NV.
from the date of 12/24/2012 to 01/30/2013
More "over" I had made numerous attempt
to contact Mr. Howards attorneys, After
weeks of leaving Messages I finally
called her Supervisor Ms. Kaufman, after
a week of the same treatment I
finally Spoke to her, letting her no whom
I was trying to find as Witnesses...that
he needed for Court, also information,
but however my resourses are limited to
where there's were not.

I felt She (Ms. Kaufman) was rude
with me when I explained what I
was trying to help. Also I felt She
was very unprofessional and obviously
didnot care about what information I had
and what I needed help with to obtain

I reside in Spokane Washington, I am not at this present time a resident of the State of Nevada, In the District of Clark County. "Furthermore" The reasons That Mr. Howard went to Hayward California are numerous ones. He was constantly being harassed by the police. While being investigated by a Det. by the name of Det. Mogg, Whom he has history with from 2002.

Now if this Det. Mogg could not identify Mr. Howard in a hat or hoodie There is no way possiable any other person could. The Said Det. Mogg also help send him (Mr. Howard) to Prison in 2003. for (9) years....

Julious Randoulf is also a Wittness to the facts Mr. Howard left his presents and Went to California

Thank you for your time

Ms. Deborah L. Johnson
Ms. Deborah L. Johnson

DENISE D. KESTELL
Spokane County Exp. 8-24-16
Denise D. Kestell

[Notary seal: DENISE D. KESTELL — COMMISSION EXPIRES — NOTARY PUBLIC — STATE OF WASHINGTON — AUGUST 24, 2016]



EXHibiT #5

Transcripts        12 pages

For review

2365

1          Clearly the witness wasn't equally available to

2    both parties.  We don't even know who the witness is.

3          So, I mean, the problem with this instruction,

4    as opposed to the instruction we gave, is it puts a burden

5    on us which we don't have.

6          MS. SILVA:  Your Honor, if I may?

7          THE COURT:  Yes.

8          MS. SILVA:  First off, I'm going to object to

9    the fact that we're sitting here with quote/unquote dirty

10   hands.  We have made continuous efforts to try and locate

11   this person, and we have come up empty.

12          And I'm guessing that Ms. Kaufman believes that

13   the only way to get information from Metro is to subpoena

14   it, which is incorrect.  The case agent and the detective

15   have made numerous attempts to track down the information.

16   We've continued to track down that information during the

17   course of that trial in an attempt to get it.  But it does

18   not exist.

19          So to say that the government is sitting here

20   with dirty hands is, in my opinion, completely ridiculous.

21   And, frankly, it's frustrating to the government that the

22   defense had the opportunity to cross-examine the case agent

23   regarding the showup, the lack of documenting the evidence,

24   the lack of the patrol officer maintaining that evidence in

25   the course of a Metro investigation.  They had plenty of

2366

1    opportunity to do that but chose not to.

2          And now they're asking for an instruction to

3    make up for the fact that they did not attack the witness

4    when they had the opportunity to do so.  And that's

5    completely improper.

6          They could have gone into more detail about the

7    showup, but they chose not to.  So the government, while we

8    object to the adverse instruction in the totality, we do

9    not have an objection to the one that the Court is

10   producing in lieu of the fact that it's going to be given.

11          MS. KAUFMAN:  Judge, they didn't call the

12   witness.  So --

13          THE COURT:  All right.  So the instruction

14   that's proposed by the defense at -- filed at 177, if I

15   give that, I'll tell you, the only line that is

16   objectionable to me is the one that starts on line 23 which

17   says, "This may have caused you to wonder why the person

18   who Veronica Reed identified as the robber was not called

19   as a witness to answer questions in this trial."

20          So that's the only line that I would feel needs

21   to be edited out, cut out of that instruction.  And then,

22   of course, you're free to argue that.  But I don't think

23   that it's an instruction of law necessarily that the Court

24   should be giving to the jury.

25          All right.  So would that be fine with the

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 36 of 89
Case 1:23-cv-00053-JLT-CDB   Document 1   Filed 11/21/22   Page 36 of 89
Case 2:13-cr-00186-GMN-VCF   Document 337-5   Filed 08/01/19   Page 25 of 59
Case 2:13-cr-00186-GMN-VCF   Document 227   Filed 09/29/14   Page 179 of 295

p. 30 OF 12

2367

 1    defense, then, if I just use their instruction but cut out

 2    that one line?

 3              MS. KAUFMAN:  That's fine, Judge.

 4              THE COURT:  All right.  Then that's what we'll

 5    do.

 6              And now the other matter that we have is as to

 7    Mr. Howard.

 8              You do have the right to testify on your own

 9    behalf.  You don't have to.  But you do have the right to

10    do so.  We talked at length before about what your choices

11    are when you are a defendant in a criminal trial and that

12    your attorneys do have the right to make strategic

13    decisions about what to file, what not to file, what

14    objections to make or not make, what questions to ask

15    witnesses, what evidence to offer, not offer.

16              However, there are certain rights that are

17    reserved only to the defendant to make.  You have the right

18    to decide whether or not to go to trial or accept a plea

19    offer.  You decided to go to trial.

20              Now, you also have the right to decide by

21    yourself, on your own, whether or not you want to testify.

22              You are encouraged, and you should, to speak to

23    your attorneys to determine what the odds are that certain

24    questions might be asked or whether you should do so or

25    not.  But it's entirely up to you to decide.

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 37 of 89
Case 1:23-cv-00053-JLT-CDB    Document 1    Filed 11/21/22    Page 37 of 89
Case 2:13-cr-00186-GMN-VCF    Document 337-5    Filed 08/01/19    Page 26 of 59
Case 2:13-cr-00186-GMN-VCF    Document 227    Filed 09/29/14    Page 180 of 295

P. 4 of 20

2368

1      They can't decide for you.  They can tell you

2  what they think is in your best interest.  But it's up to

3  you to decide whether or not you want to testify.

4      So have you had any time to speak to your

5  attorneys about the possibility of you testifying in your

6  trial?

7      MS. LEVY:  Your Honor, may I just speak with

8  Mr. Howard?

9      THE COURT:  Sure.

10      (Defendant and his counsel conferring off the

11      record.)

12      MS. LEVY:  Thank you.

13      THE COURT:  All right.

14      Mr. Howard, have you had sufficient time to

15  discuss with your attorneys the matter of whether or not

16  you should testify?

17      THE DEFENDANT:  I won't be testifying.

18      THE COURT:  You will not be testifying?

19      All right.  And have they -- I'm sorry?

20      COURTROOM ADMINISTRATOR:  Your Honor, he needs

21  to speak into the microphone.

22      THE COURT:  All right.  Can you speak into any

23  one of those two microphones.

24      THE DEFENDANT:  I will not be testifying, Your

25  Honor.

DONNA DAVIDSON      (775) 329-0132

P 5 OF 12

2369

1          THE COURT:  All right.  And have you had

2     sufficient time to discuss this issue with your attorneys?

3          THE DEFENDANT:  Yes.

4          THE COURT:  And do you feel they've answered all

5     of your questions?

6          THE DEFENDANT:  Yes.

7          THE COURT:  All right.

8          Then, yes, Ms. Levy?

9          MS. LEVY:  I'm sorry, Your Honor.  Mr. Howard

10    also wants to discuss with this Court matters about

11    counsel, which I would request would be done outside the

12    presence of government counsel.

13          THE COURT:  Okay.  Well, there's nothing else

14    for us to discuss unless there's a motion that you want to

15    make.

16          But there's -- he's represented by counsel.  And

17    so if he has some other issue that he wants to raise, he

18    can discuss it with you, and you can discuss and decide

19    whether or not to raise it.  But he's represented by

20    counsel.  So he can't be raising any motions on his own.

21          MS. LEVY:  Well, that's sort of the problem,

22    Your Honor, is counsel.  And so that's what he wants to

23    discuss with the Court.  At least that's my understanding.

24    And that should be done outside the presence of the

25    government counsel.

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 39 of 89
Case 1:23-cv-00053-JLT-CDB    Document 1    Filed 11/21/22    Page 39 of 89
Case 2:13-cr-00186-GMN-VCF    Document 337-5    Filed 08/01/19    Page 28 of 59
Case 2:13-cr-00186-GMN-VCF    Document 227    Filed 09/29/14    Page 182 of 295    P.60F10

2370

1          THE COURT:  So are you saying that he wants to

2     withdraw counsel?

3          MS. LEVY:  That may be part of it, yes.

4          THE COURT:  All right.  Well, at this late stage

5     that's not a possibility.

6          MS. LEVY:  He'd like to make the record, Your

7     Honor.

8          THE COURT:  All right.  Well, he can make the

9     record.  We'll go ahead and -- let's see.  It's two --

10    let's see.  Well, it's going to take a couple more minutes

11    to get the jury instructions done anyway.

12          So let's go ahead, then, and ask the government

13    if you'll please step outside.  And we'll go ahead and ask

14    Mr. Howard what his position is.

15          (Government counsel exited courtroom at

16          1:57 p.m.)

17          THE COURT:  All right.  Mr. Howard, is there

18    anything that you wanted to bring up with the Court outside

19    the presence of the government?

20          THE DEFENDANT:  Yes, Your Honor.  I had asked

21    the Court for a continuance in order to locate some

22    witnesses in San Jose, California; Hayward, California;

23    Oakland, California.  And you denied me that motion.  Okay?

24          Now, you stated that you wanted me to have a

25    fair trial.  And I don't see how I'm having a fair trial in

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 40 of 89
Case 1:23-cv-00053-JLT-CDB    Document 1    Filed 11/21/22    Page 40 of 89
Case 2:13-cr-00186-GMN-VCF    Document 337-5    Filed 08/01/19    Page 30 of 59
Case 2:13-cr-00186-GMN-VCF    Document 227    Filed 09/29/14    Page 184 of 295

2372

1          And the Court dismissed my continuance when I

2     only needed 30 days.  I didn't need six months, you know, I

3     didn't need a year.  You know, there's other cases -- my

4     case just went into a year a week ago.  And you said

5     yourself that this case is relatively new.  You know?

6          And, I mean, I need my witness -- I mean, they

7     may feel I don't.  But I feel that I do.  And I only had

8     three or four witnesses.  And they're very important

9     witnesses.  Now it's a possibility I can't even locate the

10    two that I needed, the two or three that I needed.  But I

11    only have access to three right now, okay?

12         And the government, he didn't call some of the

13    witnesses that would have been beneficial to me.  He didn't

14    call them.  They was on his witness list.  So he didn't

15    call them.

16         However, I'm talking about my witnesses that I

17    want to come and get on the stand.  I want that

18    opportunity.

19         And you -- and I wouldn't be getting a fair

20    trial if you deny me this right.  You know, this man went

21    to the newspapers and slammed me over the newspapers.  I'm

22    48 years old.  I guarantee you all them jurors seen it.

23    You know what I'm saying?  Outside the presence.

24         And he talking about -- you talking about a fair

25    trial.  The man know what he doing.  I'm dealing with the

2373

1    state and a federal judicial system.  You know what I'm

2    saying?

3           With no evidence they're slandering me out.  So

4    I should have an opportunity to produce my witnesses and

5    get help.  He sit over there like he doing -- talking about

6    beneficial to the defense.

7           The man put me on the front page newspaper.

8    When I get back to the facility, I'm going to have to deal

9    with that.  Period.

10          THE COURT:  All right.  Well, it doesn't sound

11   like you're dissatisfied with counsel or want new counsel,

12   but rather you want a continuance to find and locate some

13   witnesses who have not yet been found.

14          This is retrial.  It's not the first trial.  And

15   there's no indication that these individuals can be found

16   or that they are located but just not available and we need

17   to wait a few days for their work schedules or something

18   like that for --

19          THE DEFENDANT:  They're available.

20          THE COURT:  -- them to come back into the

21   country.

22          THE DEFENDANT:  Excuse me, Your Honor.  They're

23   available right now.  Okay?  It's up to my counsel right

24   now to have them produced.  Okay?  That's what I'm saying.

25   It's their choice right now.

DONNA DAVIDSON     (775) 329-0132

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 42 of 89
Case 1:23-cv-00053-JLT-CDB    Document 1    Filed 11/21/22    Page 42 of 89
Case 2:13-cr-00186-GMN-VCF   Document 337-5   Filed 08/01/19   Page 32 of 59
Case 2:13-cr-00186-GMN-VCF   Document 227   Filed 09/29/14   Page 186 of 295   P. 10 of 12

2374

1          THE COURT:  All right.  Well, that is a

2    strategic decision that the attorneys do have a right to

3    make whether or not to call someone to testify on your

4    behalf.  It's exclusively one of those decisions that the

5    attorneys do have to make.  And it's not necessarily an

6    easy one, but it's one that's made with a lot of

7    deliberation.

8          And in this case, as you said, you've got some

9    excellent attorneys.  And so I'm not going to be second

10   guessing them.  And I'm certainly not going to force them

11   to call a witness that they don't think is necessary at

12   this point.

13         Sometimes if you call a witness, they do more

14   harm than good, and you don't see it coming.  So I'm

15   deferring to your attorneys --

16         THE DEFENDANT:  From my experience --

17         THE COURT:  -- and I'm not going force them to

18   bring in some witnesses.

19         THE DEFENDANT:  From my experience, I already

20   know what witnesses I'm calling.  And I already know what

21   benefit they would do as far as being present and

22   everything of that nature.

23         I mean, I really don't know how to go about the

24   situation.  Can we elaborate here, Ms. Kaufman?

25         THE COURT:  No, I think we're done.  That's --

DONNA DAVIDSON      (775) 329-0132

2375

1    you've had your chance.  You put this information on the

2    record.  So I think it's well preserved.  And we're just

3    going to go forward, bring the government back in.

4           I'm going to take a short break just to make

5    sure that the defense instruction is included --

6           THE DEFENDANT:  So I'm being denied the right to

7    call my witnesses?  That's what you're saying?

8           THE COURT:  No.  You're being provided a right

9    to an attorney, you have two attorneys, and they make the

10   decision which witnesses to call.  And they've decided not

11   to call --

12          THE DEFENDANT:  So that's the --

13          THE COURT:  -- any witnesses.

14          THE DEFENDANT:  So that's the decision we going

15   with?

16          THE COURT:  And I respect that opinion.  And

17   it's not my position to force them to call any witnesses.

18          THE DEFENDANT:  I'm asking you.

19          MS. LEVY:  That's the decision.  So you can

20   either ask for -- you know, ask that we be relieved and you

21   represent yourself or live with what we do.  I mean, those

22   are kind of your options at this point.

23          THE COURT:  You've made your record.  So if it

24   doesn't go your way, you can certainly get an affidavit

25   from those individuals and see if maybe there's something

DONNA DAVIDSON      (775) 329-0132

P.12 of 12

2376

1   that could have been done better.

2            But at this point we're just going to -- I'm

3   just going to take a break.  Because I want to make sure

4   that that defense instruction is in -- included in the

5   packet in the manner that I stated was the correct way,

6   which is the way that it's submitted is number 177 with

7   just that one line missing.

8            So I want to look at it before I start reading

9   it to the jury and make sure that it's corrected.

10           MS. KAUFMAN:  Okay.  Because we submitted two.

11  The first one had a mistake in it, and the second one --

12           THE COURT:  Yes, 176 was --

13           MS. KAUFMAN:  Okay.

14           THE COURT:  -- the one that was either withdrawn

15  or something.  And then 177 is the one that's the corrected

16  version.

17           MS. KAUFMAN:  Okay.

18           THE COURT:  Yeah.  So let me just make sure that

19  that's correct.

20           If you want to bring the government back in so

21  they can get themselves situated.

22           (Government counsel entered courtroom at

23           2:05 p.m.)

24           (Recess from 2:05 p.m. until 2:12 p.m.)

25           (Outside the presence of the jury.)

# EXHIBIT #6

medical records
of doctor, and
medication

THE

District court
refused to Unseal
medical documents
In Exhibit of 2255 motion
Exhibit #13

Appellant presented A motion

To unseal Exhibit # 13 of

2255 motion to set aside sentence

Filed august 19th of 2019 ; Being

Medical File, and medication That
was being taken by Appellant.

The motion was requesting to unseal medical
documents to present to This honorable court
as Exhibits in October of 2022. The court
refused to hear said motion.

abdul Howard



Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 48 of 89
Case 2:13-cr-00186-GMN-VCF Document 305, Filed 11/21/22, Page 48 of 89
Case 2:13-cr-00186-GMN-VCF Document 275 Filed 07/22/15 (Page 1 of 3)

RE: Abdul Howard

2:13-cr-00186-GMN-VCF- 13-0042

## NOTICE TO THE COURT

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

07/13/2015

JUL 22 2015

CLERK US DISTRICT COURT
DISTRICT OF NEVADA

DEPUTY

**To whom it may concern:**

There have been some many things that have happened to me in the past 3-4 years that seems to be all connect and feels something like a conspiracy! I have witnessed the attempts to hold Abdul Howard (my step father for over 8 years) for unjust reasons, and the multiple attempts to assassinate his character! There are so many things I have witnessed that I don't know where to start! I am not sure why I have yet to be contact over the years when he has gone to trial, but the court seems to always be able to contact my disabled brother Julious Randolph when they need to. When Abdul Howard was released from prison and shortly after post cards were released throughout the surrounding neighbor warning people that he was a sexual offender and this was the beginning of the harassment! Abdul has a past just like everyone else does and since his release from prison in 2011 he was able to finally be around and spend time with his grandchildren, taken them the church to learn more about the Muslim religion and just spend quality time with them. When these flyers were passed out this raised many questions from his grandchildren because people at school had questions and he was also stopped and confronted on the streets while he was accompanied by his grandchildren which lead his to move out of my mother's house and down the street in fear that someone would attempt to harm my disabled mother or my 3 children.

He has been convicted wrongfully, I believe for multiple accounts of robbery but the crazy thing is that the robberies were committed by a hood black man and no one was able to confirm it was him for a fact and this person had a hood on his head and most amusing thing to me is the fact that these style of robberies continued to take place after Abdul was arrested! The things said about Abdul made no sense because he had a job and was even out of town while some of the things mentioned happened, but this was not the picture painted by the newspaper, "that my children saw". They have painted him as a crazy mad man that would do anything for money and was so desperate that he would even attack the elderly! THIS IS NOT WHO ADBUL HOWARD IS! I believe this was done to taint the jury to lead them to convection!

http://www.reviewjournal.com/news/las-vegas/accused-robber-resists-court-ordered-photoshoot

http://www.reviewjournal.com/news/hoodie-bandit-convicted-27-counts-14-robberies

They even mention a pending sexual assault case which DNA proved that he was not the person that had committed the crimes. The most amusing thing to me is how the State of Nevada will allow a convicted criminal a light sentence for lying on and acquaintance, and the spouse of the person has even written a statement to confirm that his wife lied so that she would receive a lighter sentence. This even caused more issues for my brother. A relative of this woman

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 49 of 89
Case 1:23-cv-00053-JLT-CDB    Document 1    Filed 11/21/22    Page 49 of 89
Case 2:13-cr-00186-GMN-VCF    Document 337-3    Filed 06/01/19    Page 30 of 87
Case 2:13-cr-00186-GMN-VCF    Document 275    Filed 07/22/15    Page 2 of 3

approached my brother at a local store attempting to confront him while he was in the company of my children! My brother also was a witness and confirmed that this woman was lying and the girl's relative did not like that. The Stat of Nevada and not only put my family's life in danger but is now taking precious time from his Grandchildren! They deserve a Grandfather especially since their Grandmother has passed away from a stroke which I am sure this stressful situation had a part in it. My husband and I miss the support of a grandparent that everyone that still has living relatives deserve! I am hoping that the State of Nevada will wise up and assign a Lawyer that will actually do their job and not assume that he is not a good person because of all the lies. Not a single one of the previously assigned lawyers contact ME about anything that has been going on and I am so confused as to why. He is not the person that you all try to paint him to be and if he had a Lawyer that actually did their job those past cases would be thrown out and he would not be in Jail right now.

Please contact me, I would love to provide my in person statement to anyone that will listen and have so much more to say which was not included in this letter because it would be a mini book! I have always been willing to provide my feedback!

Ebony R Mason

(702) 612-3091

eanonleebonique@hotmail.com

Exhibit #8

From attorney
OF Cases being
dissmissed
by
Court

EXHibit #9

mental Health program

ATN

BP-A0940    Agreement to Participate in Psychology Treatment Programs·CDFRM
JUN 10
U.S. DEPARTMENT OF JUSTICE                         FEDERAL BUREAU OF PRISONS

You have requested and been found QUALIFIED for the PSYCHOLOGY TREATMENT PROGRAM listed below.

| ___ Axis II | X Challenge | ___ Habilitation | ___ Other |
|---|---|---|---|
| ___ Brave | ___ Skills | | |

If you choose to participate, prior to your admission into this program you must acknowledge and agree to comply·to all policies, procedures, and rules of the program.   Additionally, you must agree to·the·following:

1.  All offenders living on the program unit are to participate in treatment activities on and off the unit and refrain from any behavior considered by staff to be disruptive to the program, and to the participants on the unit. This includes offenders in WAIT status and those in COMPLETION status. Failure to do so will result in removal from the program unit, the program WAITING list and, when applicable, from a successful COMPLETION of the Program;

2.  All·Program participants are to work on behaviors targeted in their treatment plans as agreed to with the primary treatment specialist; participate in groups; participate in community meetings; make presentations to staff and peers, and give and accept feedback from treatment staff and peers, etc.;

3.  There is no tolerance for a breach in confidentiality.  Any offender participating, waiting or having completed the treatment Program and who lives on the unit will be immediately expelled from the Program for disclosing inmate information;

4.  Any program participant who brings alcohol/drugs on the unit, sells or possesses alcohol/drugs, initiates violence or threats of violence to anyone on or outside the unit and, is found guilty (pursuant to an incident report), for committing a 100-level prohibited act will be expelled immediately;

5.  Counseling sessions may be audio/video taped.  These tapes will be used for research, rehabilitative or educational purposes only;

6.  If one withdraws, or is expelled from the program:

   a.  incentives received while an active program member may be lost; and
   b.  any request for re-admission will require a reassessment for participation.

7.  The participant is responsible for:

   a.  developing the treatment plan with the treatment specialist;
   b.  attending all scheduled sessions as assigned.  Leaving prior to the conclusion of the session, without permission, is considered an absence;

Prescribed by P5331

c.  actively participating in group sessions.  Examples of active participation include, appropriate self-disclosure, and providing feedback;
d.  being attentive during all individual and group sessions;
e.  keeping all information discussed in group confidential; and
f.  following the Bureau policies, rules and regulations.  Incurring an incident report due to failure to follow rules and regulations, may result in expulsion from the program;

8.  The release of information specified below by Bureau staff to the appropriate U.S. Parole Commission staff, U.S. Probation staff, Residential Reentry Center Staff and Community Treatment Program Staff.  This consent is for the purpose of determining my eligibility for a Superior Performance Award (SPA), the development of a treatment summary, to inform U.S. Probation and the U.S. Parole Commission of my progress in treatment, or for developing a treatment plan.

The extent and nature of the information to be disclosed includes: mental health and substance use history; diagnosis; criminal history; treatment plan; program progress; treatment summary and, any recommendation(s) for continued treatment.

AGREEMENT/SIGNATURE

I have read, or have had this document read to me, I understand the potential benefits of participating in this program and I understand my level of commitment to the program will determine how much I benefit from participation.

| Inmate Name Printed<br>ABDul Howard | Staff Name Printed<br>A. Cole |
|---|---|
| Inmate Signature<br>Abdul O Howard | Staff Signature |
| Register Number<br>47855048 | Staff Title<br>CTS |
| Date<br>4-21-2022 | Date<br>11/21/22 |

Prescribed by P5331

Exhibit # 10

Court minutes, Transcripts of
State, And
Judgement of Conviction
NRS 207.190

03C189799

- Court pointed out Deft's case has expired, thus writ is not cognizable. Court noted that in Deft's plea charge was sexually motivated and nothing was said about lifetime supervision. State advised it had read statue and sexual motivation is not listed with coercion, noted Deft. is complaining about parole conditions and believes the Court acted correctly. State further believes Deft. does not have a standing as he is out prison. Court stated its findings and ORDERED, State's Motion to Dismiss Deft's Petition for Writ is GRANTED; Deft's Petition for Writ of Habeas Corpus is DENIED; Deft's Pro Per Motion and Order for Transportation of Inmate is DENIED; and Deft's Pro Per Motion for Continuance is OFF CALENDAR as moot. State to prepare Findings of Fact/Conclusions of Law consistent with their opposition.

NDC

CLERK'S NOTE: The above minute order has been distributed to: Abdul Howard #78154 c/o Southern Desert Correctional Center, P.O. Box 208, Indian Springs, NV 89070. 09/29/11 kls



ORIGINAL

FILED

JOCP
DAVID ROGER
Clark County District Attorney
Nevada Bar #002781
200 South Third Street
Las Vegas, Nevada 89155-2211
(702) 455-4711
Attorney for Plaintiff

**DISTRICT COURT
CLARK COUNTY, NEVADA**

THE STATE OF NEVADA,

Plaintiff,

-vs-

ABDUL HOWARD,
#1896061

Defendant.

Case No: C189799

Dept No: VI

**JUDGMENT OF CONVICTION
(PLEA OF GUILTY)**

The Defendant previously appeared before the Court with counsel and entered a plea of guilty to the crime(s) of COERCION (Felony), in violation of NRS 207.190; thereafter, on the 16th day of July, 2003, the Defendant was present in court for sentencing with his counsel, BRIGID HOFFMAN, Deputy Public Defender, and good cause appearing.

THE DEFENDANT IS HEREBY ADJUDGED guilty of said offense(s) and, in addition to the $25.00 Administrative Assessment Fee, $700.00 Psycho sexual evaluation fee, $150.00 DNA analysis fee submitting to blood and/or saliva test to determine genetic markers or secretor status and pay restitution in the amount of $1,928.00, the Defendant is sentenced as follows: SENTENCED to a MAXIMUM of FORTY-EIGHT (48) MONTHS and a MINIMUM of TWELVE (12) MONTHS in the Nevada Department of Corrections (NDC) with ONE HUNDRED EIGHTY-THREE (183) DAYS credit for time served.

//

//

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 57 of 89
Case 1:23-cv-00053-JLT-CDB     Document 1     Filed 11/21/22     Page 57 of 89
Case 2:13-cr-00186-GMN-VCF   Document 337-5   Filed 08/01/19   Page 50 of 59 (158 of 483)
Case: 15-10042, 07/28/2015, ID: 9624627, DktEntry: 9-2, Page 103 of 109

Case 2:13-cr-00186-GMN-VCF   Document 75-3   Filed 10/25/13   Page 5 of 5

FURTHER ORDERED, Deft. to register as a sex offender in accordance with NRS
179D.460 within 48 hours after sentencing or release from term of imprisonment on parole
or probation.

DATED this _____ day of July, 2003.

DISTRICT JUDGE

mmw/SVU

2

EXHIBIT #11

information of state charges
Judgement OF ConVicTion
OF Robbery charge
NRS 200.380



**ORIGINAL** 10

FILED

1   JOOF
    DAVID ROGER
2   Clark County District Attorney
    Nevada Bar #002781
3   200 South Third Street
    Las Vegas, Nevada 89155-2211
4   (702) 455-4711
    Attorney for Plaintiff
5
6                    DISTRICT COURT
                 CLARK COUNTY, NEVADA
7
8   THE STATE OF NEVADA,
9                    Plaintiff,
10        -vs-                          Case No:   C189522
11  ABDUL HOWARD,.                      Dept No:   VI
    #1896061
12
13                   Defendant.
14
                    JUDGMENT OF CONVICTION
                      (PLEA OF GUILTY)
16
         The Defendant previously appeared before the Court with counsel and entered a plea
17  of guilty to the crime(s) of ROBBERY WITH USE OF A DEADLY WEAPON (Felony), in
18  violation of NRS 200.380; thereafter, on the 6th day of November, 2003, the Defendant was
19  present in court for sentencing with his counsel, MICHAEL V. CRISTALLI, Esq., and good
    cause appearing,
20
         THE DEFENDANT IS HEREBY ADJUDGED guilty of said offense(s) and, in
21
    addition to the $25.00 Administrative Assessment Fee and $150.00 DNA analysis fee,
22
    submitting to blood and/or saliva test to determine genetic markers or secretor status, the
23
    Defendant is SENTENCED as follows:
24
         As to Count 2 - to a MAXIMUM of SIXTY (60) MONTHS and a MINIMUM of
25  TWENTY-FOUR (24) MONTHS in the Nevada Department of Corrections plus an equal
26  and CONSECUTIVE MAXIMUM of SIXTY (60) MONTHS and a MINIMUM of
    TWENTY-FOUR (24) MONTHS for use of a deadly weapon;

    CE-02
    DEC 0 2 2003

ER 0104

1    As to Count 4 - to a MAXIMUM of SIXTY (60) MONTHS and a MINIMUM of
2    TWENTY-FOUR (24) MONTHS in the Nevada Department of Corrections plus an equal
3    and CONSECUTIVE MAXIMUM of SIXTY (60) MONTHS and a MINIMUM of
4    TWENTY-FOUR (24) MONTHS for use of a deadly weapon with THREE HUNDRED
5    EIGHT (308) DAYS credit for time served.
6        FURTHER ORDERED, COUNT 4 to be served CONSECUTIVE to COUNT 2;
7    sentence to be served CONCURRENT with Case No. C189799 and Defendant's Florida
8    case.
9        Remaining counts DISMISSED.
10    DATED this ____ day of November, 2003.

11
12                                    DISTRICT JUDGE
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28    /rjj/GCU

                                    2

ER 0105

# EXHIBIT #12

"Notice OF information Enhancement"
SECOND AMENDED
OF 3559 (c)

Case 2:13-cr-00186-GMN-VCF   Document 75   Filed 10/25/13   Page 1 of 3

1    DANIEL G. BOGDEN
     United States Attorney
2    PHILLIP N. SMITH, JR.
     Assistant United States Attorney
3    333 Las Vegas Blvd. South, Suite 5000
     Las Vegas, Nevada 89101
4    PHONE: (702) 388-6336
     FAX:  (702) 388-6418

5

6             **UNITED STATES DISTRICT COURT**
                **DISTRICT OF NEVADA**
7                   -oOo-

8   UNITED STATES OF AMERICA,       2:13-cr-00186-GMN-VCF

9              Plaintiff,     **SECOND AMENDED**
                       **INFORMATION AND NOTICE OF**
      vs.                **ENHANCED PENALTY PURSUANT**
10                        **TO 18 U.S.C. § 3559(c)**
   ABDUL HOWARD,

11

12             Defendant.

13    TO DEFENDANT ABDUL HOWARD AND HIS COUNSEL OF RECORD:

14        PURSUANT TO TITLE 18, UNITED STATES CODE, SECTION 3559(c), YOU ARE

15  HEREBY ON NOTICE THAT:

16      1.     On or about April 25, 1980, in the Supreme Court, Erie County, New York, in

17           criminal case number 46139, Defendant Abdul Howard was convicted of Robbery in

18           the Second Degree (*see* Exhibit "1"); and

19      2.     On or about February 20, 2002, in the 17th Judicial Circuit Court in and for Broward

20           County, Florida, in criminal case number 02-900-CF-10A, Defendant Abdul Howard

21           was convicted of two (2) counts of Delivery of Cocaine (*see* Exhibit "2"); and

22      3.     On or about July 16, 2003, in the Eighth Judicial District Court, Clark County,

23           Nevada, in criminal case number C189799, Defendant Abdul Howard was convicted

24           of Coercion (Sexually Motivated) (*see* Exhibit "3"); and

1

1      4.      On or about November 6, 2003, in the Eighth Judicial District Court, Clark County,

2              Nevada, in criminal case number C189522, Defendant Abdul Howard was convicted

3              of two (2) counts of Robbery with Use of a Deadly Weapon (*see* Exhibit "4"),

4      each of which is a "serious violent felony" as defined by Title 18, United States Code, Section

5      3559(c)(2)(F), or a "serious drug offense" as defined by Title 18, United States Code, Section

6      3559(c)(2)(H).

7              Therefore, pursuant to the provisions of Title 18, United States Code, Section 3559(c)(1),

8      Defendant Abdul Howard is subject to mandatory life imprisonment upon conviction of any one of

9      Counts One through Twenty-Four or Twenty-Six or Twenty-Seven of the Superseding Criminal

10     Indictment filed on July 2, 2013 in the above-entitled criminal matter.

11             DATED this 25th day of October, 2013.

12                                             Respectfully submitted,

13                                             DANIEL G. BOGDEN
                                               United States Attorney
14
                                               _____//s//_____
15                                             PHILLIP N. SMITH, JR.
                                               Assistant United States Attorney
16

17

18

19

20

21

22

23

24

2

ER 0086

Case: 22-70264, 01/11/2023, ID: 12628751, DktEntry: 2-2, Page 64 of 89
Case 2:13-cr-00186-GMN-VCF Document 337-5 Filed 08/01/19 Page 38 of 59
Case 1:23-cv-00053-JLT-CDB Document 1 Filed 11/21/22 Page 64 of 81 (146 of 483)
Case: 15-10042, 07/28/2015, ID: 9624627, DktEntry: 9-2, Page 91 of 109

Case 2:13-cr-00186-GMN-VCF   Document 75   Filed 10/25/13   Page 3 of 3

**CERTIFICATE OF SERVICE**

I, Phillip N. Smith, Jr., certify that the following individual was served with a copy of the

SECOND AMENDED INFORMATION AND NOTICE OF ENHANCED PENALTY

PURSUANT TO 18 U.S.C. § 3559(c) on this date by the below identified method of service:

Electronic Case Filing
Rebecca A. Levy, AFPD
Counsel for Defendant ABDUL HOWARD

DATED:      October 25, 2013.

                                    //s//
                                    _____
                                    PHILLIP N. SMITH, JR.
                                    Assistant United States Attorney

3



No. 22-15040

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
Plaintiff – Appellee,
v.

ABDUL HOWARD,
Defendant – Appellant.

## APPELLANT ABDUL HOWARD'S MOTION FOR RECONSIDERATION OF ORDER DENYING CERTIFICATE OF APPEALABILITY

D. C. No. 2:19-cv-01344-GMN
D. C. No. 2:13-cv-00186-GMN-VCF-1

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
THE LAW OFFICES OF KRISTINA WILDEVELD & ASSOCIATES
550 E. Charleston Blvd., Suite A
Las Vegas, NV 89104
(702) 222-0007
Email: Lisa@Veldlaw.com
*Attorneys for Defendant-Appellant Abdul Howard*

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................. i

TABLE OF AUTHORITIES ......................................................... ii

REASONS FOR RECONSIDERATION ................................... 1

FACTUAL AND PROCEDURAL BACKGROUND .................. 1

POINTS AND AUTHORITIES.................................................... 5

    I.      The Defective Indictment Deprived the District Court of Jurisdiction, and the Order Denying the COA Ignores the Supreme Court's Holding in *Cotton* and the Plain Language of 18 U.S.C. § 3231.......................... 8

    II.     The Defective Indictment Violated Mr. Howard's Fifth and Sixth Amendment Rights, and the Order Both Ignored the District Court's Misapplication of *Greer* and *Pollard*, But Also Is Contrary to Multiple Supreme Court and Ninth Circuit Holdings.......................... 10

CONCLUSION ............................................................................. 15

CERTIFICATE OF COMPLIANCE ........................................ 16

CERTIFICATE OF SERVICE .................................................. 16

# TABLE OF AUTHORITIES

## Cases

*Arizona v. Fulminante,*
   499 U.S. 279 (1991)..................................................................12

*Dominguez v. United States,*
   2022 U.S. LEXIS 3108 (Jun. 27, 2022).................................3, 5

*Gonzalez v. Thaler,*
   565 U.S. 134 (2012)....................................................................5

*Greer v. United States,*
   141 S. Ct. 2090 (2021)....................................................... passim

*Hayward v. Marshall,*
   603 F.3d 546 (9th Cir. 2010).....................................................6

*Miller-El v. Cockrell,*
   537 U.S. 322 (2003)....................................................................6

*Rehaif v. United States,*
   139 S. Ct. 2191 (2019)....................................................... passim

*Runningeagle v. Ryan,*
   825 F.3d 970 (9th Cir. 2016).....................................................6

*Russell v. United States,*
   369 U.S. 749 (1962)....................................................................8

*Slack v. McDaniel,*
   529 U.S. 473 (2000)....................................................................6

*Summerlin v. Stewart,*
   341 F.3d 1082 (9th Cir. 2003)..................................................12

*Swarthout v. Cooke,*
   562 U.S. 216 (2011)....................................................................6

*United States v. Burleson,*
   820 Fed. Appx. 567 (9th Cir. 2020).........................................10

*United States v. Cecil,*
   608 F.2d 1294 (9th Cir. 1979)..................................................14

*United States v. Chavez-Diaz,*
   949 F.3d 1202 (9th Cir. 2020)..................................................12

*United States v. Cotton,*
   535 U.S. 625 (2002)......................................................................................9, 10

*United States v. Davis,*
   139 S. Ct. 2319 (2019)....................................................................................2, 3

*United States v. Dominguez,*
   954 F.3d 1251 (9th Cir. 2020) .............................................................................3

*United States v. Enslin,*
   327 F.3d 788 (9th Cir. 2003) ....................................................................... 2, 8, 14

*United States v. Espinoza,*
   816 F. App'x 82 (9th Cir. 2020) ........................................................................10

*United States v. Howard,*
   No. 15-10042, 2016 U.S. App. LEXIS 11643, at *5 (9th Cir. June 24, 2016) ........2

*United States v. Inzunza,*
   638 F.3d 1006 (9th Cir. 2011) ...........................................................................12

*United States v. Keith,*
   605 F.2d 462 (9th Cir. 1979) .........................................................................8, 14

*United States v. Nukida,*
   8 F.3d 665 (9th Cir. 1993) ................................................................................12

*United States v. Pheaster,*
   544 F.2d 353 (9th Cir. 1976) .............................................................................11

*United States v. Pollard,*
   No. 20-15958, 2021 U.S. App. LEXIS 25919 (9th Cir. Aug. 27, 2021)......... 11, 13

*United States v. Pollard,*
   No. 20-15958, 2021 U.S. App. LEXIS 37739 (9th Cir. Dec. 21, 2021) ... 11, 13, 14

*United States v. Ratigan,*
   351 F.3d 957 (9th Cir. 2003) .........................................................................8, 12

*United States v. Taylor,*
   142 S. Ct. 2015, 2022 U.S. LEXIS 3017 (2022) ..................................................5

*United States v. Velasco-Medina,*
   305 F.3d 839 (9th Cir. 2002) ............................................................................10

*United States v. Withers,*
   638 F.3d 1055 (9th Cir. 2011) ...........................................................................12

*Waller v. Georgia,*
   467 U.S. 39 (1984)............................................................................................12

*Weaver v. Massachusetts*,
   137 S. Ct. 1899 (2017)..................................................................12

*Welch v. United States*,
   136 S.Ct. 1257 (2016)....................................................................5

## Statutes

18 U.S.C. § 3231 ....................................................................... 8, 9, 10

18 U.S.C. § 922(g) .........................................................................2, 7

18 U.S.C. § 922(g)(1).......................................................................1, 2

18 U.S.C. § 924(a)(2)........................................................................1, 2

18 U.S.C. § 924(c) ..............................................................................6

18 U.S.C. § 924(c)(3)(A) ......................................................................5

18 U.S.C. § 924(c)(3)(B) ......................................................................2

21 U.S.C. § 841(b) ..............................................................................9

28 U.S.C. § 2255 ........................................................................... 1, 2, 3

28 U.S.C. § 2255(c)(1)..........................................................................5

Hobbs Act, 18 U.S.C. § 1951 ............................................................ 3, 5, 6

## Rules

9th Cir. R. 22-1(d).............................................................................1

9th Cir. R. 27-10(a)(1) ........................................................................1

## Constitutional Provisions

U.S. Const, amend. V................................................................... passim

U.S. Const, amend. VI .................................................................. passim

## REASONS FOR RECONSIDERATION

On June 24, 2022, this Court entered an order denying Mr. Howard's request for a certificate of appealability ("COA") regarding his motion to vacate under 28 U.S.C. § 2255. CA Docket 9. Mr. Howard respectfully seeks reconsideration of this order, as it not only fails to address the substance of Mr. Howard's arguments, but more importantly, ignores controlling Ninth Circuit and U.S. Supreme Court authority that demonstrates that defects in the indictment violated Mr. Howard's constitutional rights.[1] Thus, Mr. Howard is entitled to a COA as to these indictment defects.

## FACTUAL AND PROCEDURAL BACKGROUND

Mr. Howard was indicted on May 21, 2013, and a Superseding Indictment issued on July 2, 2013, alleging, *inter alia*, that Mr. Howard knowingly possessed a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). ECF No. 20 at 2. Mr. Howard proceeded to jury trial and was found guilty on July 5, 2014. ECF No. 191. He was sentenced to 15 years for Count 25, to run concurrently to all other counts, to 240 months for Count 27 to run concurrently to all other counts, to life for Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 26 to run concurrently to all other counts, to life for Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24 to run concurrently to all other counts. ECF No. 252.

---

[1] *See* 9th Cir. R. 22-1(d) & 27-10(a)(1).

Mr. Howard filed notices of appeal on January 21, 2015, and February 2, 2015. ECF Nos. 253, 254. After briefing, this Court affirmed Mr. Howard's convictions on June 24, 2016, [2] prior to the U.S. Supreme Court's rulings in *Davis* and *Rehaif*.[3]

On June 21, 2019, the Supreme Court decided *Rehaif*, overturning near unanimous authority by revising the essential elements of unlawful firearm possession under §§ 922(g)(1) and 924(a)(2) to include a mens rea element applicable to a defendant's status, not just their possession.[4] To convict a defendant under 18 U.S.C. §§ 922(g) and 924(a)(2), *Rehaif* requires the government to prove the defendant knew, at the time of possession, that he "belonged to the relevant category of persons barred from possessing a firearm."[5] On the same day, the Supreme Court issued its opinion in *Davis*, holding that 18 U.S.C. § 924(c)(3)(B)—known as the residual clause—is unconstitutionally vague in violation of the Due Process Clause.

Mr. Howard filed a timely *pro se* 28 U.S.C. § 2255 motion to vacate on August 1, 2019. ECF No. 337. Before any ruling on the pending § 2255 motion, the district court appointed the undersigned on April 2, 2020, to represent Mr. Howard for the purpose of determining whether Mr. Howard qualified for relief based on *Davis* or

---

[2] *See United States v. Howard*, No. 15-10042, 2016 U.S. App. LEXIS 11643, at *5 (9th Cir. June 24, 2016); *see also* ECF No. 293.

[3] *See United States v. Davis*, 139 S. Ct. 2319 (2019) and *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[4] *Compare Rehaif*, 139 S.Ct. at 2200 , *with United States v. Enslin,* 327 F.3d 788, 798 (9th Cir. 2003).

[5] *Davis*, 139 S.Ct. at 2192, 2200.

*Rehaif* and to "file any petitions, motions, or applications related to that task." ECF No. 362. To that end, the undersigned, filed a 28 U.S.C. § 2255 motion to vacate on June 18, 2020, addressing the relief available to Mr. Howard based on *Davis* and *Rehaif*, and noting that the undersigned had filed an application for permission to file a successor petition in this Court, CA No. 20-71717. ECF No. 363. The government sought dismissal of the June 18, 2020, motion as successive, ECF No. 365, to which Mr. Howard argued that this latter motion should be viewed as an amendment to the first motion, and that the court should allow Mr. Howard's counsel to file a comprehensive amended motion. ECF No. 366. On July 23, 2020, the district court granted Mr. Howard permission to file a comprehensive amended motion including all claims addressed in the previous pending § 2255 motions. ECF No. 367.

On August 13, 2020, Mr. Howard filed his timely amended motion to vacate, incorporating his ineffective assistance of counsel claims from his August 1, 2019, original motion pursuant to the July 23, 2020 Order, as well as claims based on *Davis* and *Rehaif*. ECF No. 368. The district court denied the amended motion to vacate and denied the issuance of a COA on December 16, 2021. ECF No. 376.

Relying on *Dominguez*,[6] the district court held Hobbs Act Robbery constitutes a crime of violence under § 924(c)'s elements clause. ECF No 376 at 4. The district

---

[6] *United States v. Dominguez*, 954 F.3d 1251, 1254 (9th Cir. 2020), *vacated and remanded by Dominguez v. United States*, 2022 U.S. LEXIS 3108 (Jun. 27, 2022).

court denied Mr. Howard's *Rehaif* claims as procedurally defaulted. Specifically, the district court found that Mr. Howard failed to raise the issues on direct appeal but found that he had cause to excuse that failure. ECF No 376 at 10 n.9. However, the district court found Mr. Howard could not demonstrate prejudice based solely on the fact he had prior felony convictions with sentences of imprisonment for one year or more. *Id.* at 10. The district court rejected the argument that the failure of the superseding indictment to include the mens rea element of proving Mr. Howard knew of his prohibited status, taking the position that mere "defects" in an indictment do not deprive a court of its power to adjudicate a case. *Id.* at 8 n.7. The district court also broadly denied Mr. Howard's claims that his Fifth and Sixth Amendment rights were violated by *Rehaif*-related deficiencies in the indictment. ECF No 376 at 10 n.10.

Finally, the district court denied Mr. Howard's ineffective assistance of counsel claims, asserting that his claims of prejudice were merely conclusory, and that he failed to provide "any factual information" to support a showing of prejudice. *Id.* at 11-12.

On January 6, 2022, Mr. Howard *pro se* filed a notice of appeal with the district court, which it treated as a motion for a COA. *See* ECF Nos. 378, 380, 383. The district court ultimately denied the motion for a COA. *See* ECF No. 383, 384. CA Docket No. 1-1. On January 12, 2022, this Court docketed the instant case based on Mr. Howard's notice of appeal. *See* CA Docket 1-1. On February 2, 2022,

4

undersigned counsel filed a request for a COA and a request for extension of time to file a memorandum in support, which this Court granted. CA Docket Nos. 4, 5. On April 4, 2022, Mr. Howard filed his memorandum in support of his request for a COA. CA Docket No. 7.

On June 21, 2022, the Supreme Court issued its ruling in *Taylor*, holding that *attempted* Hobbs Act robbery does not qualify as a "crime of violence" under 18 U.S.C. § 924(c)(3)(A) because no element of the offense requires proof that the defendant used, attempted to use, or threatened to use force.[7] On June 24, 2022, the Court issued an Order denying Mr. Howard's motion for a COA. CA Docket No. 9. On June 27, 2022, the Supreme Court reversed and remanded the certiorari proceedings in *Dominguez* based on *Taylor*.[8]

## POINTS AND AUTHORITIES

To appeal a final order denying a § 2255 motion to vacate, a petitioner must first obtain a COA,[9] by making "'a substantial showing of the denial of a constitutional right.'"[10] "That standard is met when reasonable jurists could debate whether . . . the petition should have been resolved in a different manner."[19] "This threshold inquiry does not require full consideration of the factual or legal bases

---

[7] *United States v. Taylor*, 142 S. Ct. 2015, 2022 U.S. LEXIS 3017, at *9-*13 (2022).

[8] *Dominguez,* 2022 U.S. LEXIS 3108 (*citing Taylor*).

[9] *Welch v. United States*, 136 S.Ct. 1257, 1263 (2016).

[10] *Gonzalez v. Thaler*, 565 U.S. 134, 137 (2012) (*quoting* 28 U.S.C. § 2255(c)(1)).

adduced in support of the claims. In fact, the statute forbids it."[11] The COA jurist-of-reason standard "is not a particularly exacting one."[21] Rather, the test is "lenient"[12] and "permissive."[13] "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail."[14] If "jurists could conclude the issues presented are adequate to deserve encouragement to proceed further," a COA is warranted.[15] Mr. Howard need only state "a valid claim" for a COA to issue.[16] If any of his claims meet the COA standard, a COA should issue.

While the Supreme Court's recent rulings in *Taylor* and *Dominguez* do not directly afford Mr. Howard any relief as to his 924(c) charges as his Hobbs Act convictions were not for attempts, they highlight the fact that Mr. Howard is entitled to relief for the violations associated with the indictment defects, and that the denial of a COA on these indictment-related issues is contrary to Supreme Court and Ninth Circuit authority.

---

[11] *Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003).

[12] *Hayward v. Marshall*, 603 F.3d 546, 663 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011).

[13] *Runningeagle v. Ryan*, 825 F.3d 970, 983 n.14 (9th Cir. 2016).

[14] *Miller-El*, 537 U.S. at 338.

[15] *Runningeagle*, 825 F.3d at 983 n.14.

[16] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, the only mens rea element alleged in the indictment pertained to Mr. Howard's knowing possession of a firearm. ECF No. 20. The indictment lacked the *Rehaif* mens rea status element. Mr. Howard alleged several constitutional violations resulting from the defective indictment, including the district court's lack of jurisdiction, violations of his Fifth Amendment rights concerning grand jury process, and violation of his Sixth Amendment rights concerning notice and effective assistance of counsel. ECF No. 368 at 25-31.

Mr. Howard's indictment fails to allege all elements of a criminal offense, making his indictment and resulting conviction constitutionally defective. After *Rehaif*, in cases involving a § 922(g) violation, the government must prove, and the indictment must allege (1) defendant knowingly possessed a firearm; (2) that was in or affecting interstate commerce; and (3) at the time of possession, defendant knew he (a) had a prior conviction punishable by more than one year of imprisonment; and (b) was prohibited from possessing a firearm as a result of the previous conviction.[17]

In in *Greer* the Supreme Court held that appellate courts applying *Rehaif* to pleas and trials under plain-error review can examine reliable information from the entire record to determine if the defendant knew his prohibited status at the time of the alleged firearm possession.[18] *Greer* also held *Rehaif* plea errors are not

---

[17] *Rehaif*, 139 S. Ct. at 2196, 2200.
[18] *See Greer v. United States*, 141 S. Ct. 2090, 2098 (2021).

structural.[19] However, *Greer* did not change the basic *Rehaif* framework holding that the indictment must allege and the government must prove not only that the defendant knew he possessed a firearm, but also that he knew his status at the time of the alleged firearm possession.[20]

It is also important to point out that at the time of Mr. Howard's indictment, Ninth Circuit case law expressly rejected the argument that the defendant had to know his prohibitive status.[21] Thus, it is impossible to "make a subsequent guess as to what was in the minds of the grand jury at the time they returned the indictment" and the Court cannot look to the record to determine whether sufficient evidence exists.[22]

As discussed below, the denial of Mr. Howard's request for a COA ignored controlling Supreme Court and Ninth Circuit authority.

## I.   THE DEFECTIVE INDICTMENT DEPRIVED THE DISTRICT COURT OF JURISDICTION, AND THE ORDER DENYING THE COA IGNORES THE SUPREME COURT'S HOLDING IN *COTTON* AND THE PLAIN LANGUAGE OF 18 U.S.C. § 3231.

"In every federal criminal prosecution, subject-matter jurisdiction is conferred by 18 U.S.C. § 3231."[23] Under § 3231, "district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the

---

[19] *Id.* 141 S. Ct. at 2100.

[20] *Id.*, at 2095 (*citing Rehaif*).

[21] *United States v. Enslin*, 327 F.3d 788, 798 (9th Cir. 2003).

[22] *United States v. Keith*, 605 F.2d 462, 464 (9th Cir. 1979) (*citing Russell v. United States*, 369 U.S. 749, 770 (1962)).

[23] *United States v. Ratigan*, 351 F.3d 957, 962 (9th Cir. 2003).

laws of the United States." It follows that district courts do not have jurisdiction over criminal proceedings absent an allegation of an offense against the laws of the United States.

Here, the only mens rea element alleged in the indictment pertained to Mr. Howard's knowing possession of a firearm. ECF No. 20. The indictment lacks the *Rehaif* mens rea status element. The indictment failed to allege all essential elements of a cognizable offense against the laws of the United States and thus, did not allege a federal crime. The district court lacked jurisdiction under 18 U.S.C. § 3231 to convict or sentence Mr. Howard.

In concluding otherwise, the district court erroneously relied on *Cotton*, which held "defects in an indictment do not deprive a court of its power to adjudicate a case."[24] But *Cotton* addressed a different claim. The superseding indictment in *Cotton* did not omit an essential element of the offense; it simply failed to "allege any of the threshold levels of drug quantity that lead to enhanced penalties under [21 U.S.C.] § 841(b)."[25]

*Cotton* did *not* hold a court has jurisdiction when, as here, the government fails to allege an offense against the United States, nor could it, given the Congressional mandate in § 3231. In context, *Cotton* merely clarified that not all indictment defects

---

[24] ECF No. 376 (*quoting United States v. Cotton*, 535 U.S. 625, 630 (2002)).
[25] *Cotton*, 535 U.S. at 628.

always divest a court's jurisdiction to hear a case. *Cotton* did not void § 3231's requirements. In fact, *Cotton* did not address § 3231's requirements, and made it abundantly clear that an indictment must still allege an "offense[] against the United States."[26] Moreover, in the proceedings below, the government offered argument seeking to resurrect the district court's jurisdiction by citing *Espinosa*, *Burleson*, and *Velasco Medina*, and the district court did not address them, apparently acknowledging their inapplicability.[27]

Mr. Howard's indictment failed to allege he knew his status at the time of his firearm possession—an essential element of the offense under *Rehaif*. ECF No. 20. His indictment thus failed to allege an "offense[] against the laws of the United States" and violated his right to 18 U.S.C. § 3231. Therefore, reasonable jurists could disagree whether the district court had jurisdiction under § 3231, and a COA should issue.

## II.    THE DEFECTIVE INDICTMENT VIOLATED MR. HOWARD'S FIFTH AND SIXTH AMENDMENT RIGHTS, AND THE ORDER BOTH IGNORED THE DISTRICT COURT'S MISAPPLICATION OF *GREER* AND *POLLARD*, BUT ALSO IS CONTRARY TO MULTIPLE SUPREME COURT AND NINTH CIRCUIT HOLDINGS.

The district court gave short shrift to Mr. Howard's claims that the defective indictment violated his Fifth and Sixth Amendment rights, relegating them to a

---

[26] *Cotton*, 535 U.S. at 630.

[27] *Compare* ECF No. 371 at 12 (*citing United States v. Velasco-Medina*, 305 F.3d 839, 845-46 (9th Cir. 2002)), *United States v. Burleson*, 820 Fed. Appx. 567, 569 (9th Cir. 2020), *United States v. Espinoza*, 816 F. App'x 82, 84 (9th Cir. 2020)) *with* Order, ECF No. 376.

footnote, and not addressing their merits. *Compare* ECF No. 368 at 25-31 *with* ECF No. 376 at 10 n.10. Instead, the district court sidestepped them by finding the errors were not structural based on misapplication of *Greer* and *Pollard*, with the resulting finding that because Mr. Howard allegedly could not show prejudice, the claims were procedurally defaulted.[28] Notably, the district court considered Mr. Howard's criminal history using the sources *Greer* and *Pollard* only authorized for reviewing sufficiency of pleas and trials, not indictments.[29]

A jurisdictional defect is a structural error, and obviated any need to show prejudice.[30] An indictment must allege all essential elements of an offense for it to be constitutionally valid. "A criminal indictment must, however, perform certain essential functions which are of utmost importance to the protection of persons accused of crimes."[31] "The Supreme Court has emphasized that the performance of these functions is not to be compromised."[32] Similarly, this Court has held that "constitutionally defective indictment is a structural defect requiring reversal because

---

[28] *See* ECF No. 376 at 10 n.10 and accompanying paragraph (*quoting United States v. Pollard*, No. 20-15958, 2021 U.S. App. LEXIS 25919, at *9 n.3 (9th Cir. Aug. 27, 2021) (*citing Greer*, 141 S. Ct. at 2099-2100)), withdrawn and replaced by *United States v. Pollard*, No. 20-15958, 2021 U.S. App. LEXIS 37739 (9th Cir. Dec. 21, 2021).

[29] *Id.*

[30] ECF No. 368 at 24:6-17, 26:23-27:4, 28:15-19, 29:11-16, 30:20-31:9.

[31] *United States v. Pheaster*, 544 F.2d 353, 360 (9th Cir. 1976).

[32] *Id.*

the indictment 'fail[ed] to ensure that [the defendant] was prosecuted only 'on the basis of the facts presented to the grand jury.'"[33] The Supreme Court has noted that "[t]he purpose of the structural error doctrine [has been] to ensure insistence on certain basic, constitutional guarantees that should define the framework of any criminal trial,"[34] and emphasized that structural errors "'affect the framework within which the trial proceeds,' rather than being 'simply an error in the trial process itself.'"[35] Both this Court and the Supreme Court have found that a structural error "warrant[s] habeas relief without a showing of specific prejudice"[36] and therefore Mr. Howard's conviction should have been vacated. The district court's error is apparent in four ways that contradict this Court's and the Supreme Court's holdings.

First, this Court recognizes defendants cannot waive "jurisdictional claims"[37] such as Mr. Howard's defective indictment claim, and that such claims are not subject to procedural default.[38] Thus, the district court's finding of procedural default as to

---

[33] *Summerlin v. Stewart,* 341 F.3d 1082, 1117 n.19 (9th Cir. 2003), *rev'd on other grounds*; *see also United States v. Inzunza,* 638 F.3d 1006, 1016–17 (9th Cir. 2011) ("A defective indictment is a structural flaw not subject to harmless error review.")

[34] *Weaver v. Massachusetts,* 137 S. Ct. 1899, 1907 (2017).

[35] *Id.* (quoting *Arizona v. Fulminante,* 499 U.S. 279, 310 (1991)).

[36] *United States v. Withers,* 638 F.3d 1055, 1063-64 (9th Cir. 2011) (*citing Waller v. Georgia,* 467 U.S. 39, 49-50 (1984)).

[37] *United States v. Chavez-Diaz,* 949 F.3d 1202, 1207-08 (9th Cir. 2020).

[38] *United States v. Ratigan,* 351 F.3d 957, 962 (9th Cir. 2003) (*citing United States v. Nukida,* 8 F.3d 665, 668-69 (9th Cir. 1993)) (holding that a jurisdictional question will overcome procedural default).

Mr. Howard's jurisdictional defective indictment claims and Fifth and Sixth Amendment violation claims flowing from the defective indictment does not square with controlling law.

Second, the district court's determination that the indictment defect in Mr. Howard's case was not structural is simply incorrect. Relying on the quote in *Pollard* that "*Rehaif* errors are never structural," the district court rejected Mr. Howard's Fifth and Sixth Amendment violation claims relating to the defective indictment and his assertion that structural error obviated any need to demonstrate prejudice for these claims.[39] The district court's error stems from the fact that neither *Greer* nor *Pollard* address Mr. Howard's claim that the district court lacked statutory power to convict him as there was no allegation of an offense against the United States under 18 U.S.C. § 3231 in those cases, and neither case addresses the resulting the question of whether such an indictment error was structural.[40]

---

[39] ECF No. 376 at 10 n.10 (*quoting United States v. Pollard*, No. 20-15958, 2021 U.S. App. LEXIS 25919, at *9 n.3 (9th Cir. Aug. 27, 2021) (*citing Greer*, 141 S. Ct. at 2099–2100)), withdrawn and replaced by *United States v. Pollard*, No. 20-15958, 2021 U.S. App. LEXIS 37739 (9th Cir. Dec. 21, 2021).

[40] In *Pollard*, the issue was whether the guilty plea was intelligent, knowing, or voluntary without having been informed of § 922(g)(1)'s knowledge-of-status element; the question of lack of jurisdiction based on no allegation in the indictment of an offense against the United States was never raised. *Pollard*, No. 20-15958, 2021 U.S. App. LEXIS 37739, at *5. Moreover, unlike here, at the plea colloquy, when asked why he was not supposed to have a gun, Pollard *conceded to the elements*, stating "Because I am a felon and my rights have been—didn't have the right to have it no more." *Id.* at *8. *Greer* likewise did not address the question of whether *Rehaif* indictment errors are structural.

Third, *Mr. Howard's alleged knowledge* of his criminal history does not affect whether the *grand jury* found cause on all elements or returned a sufficient indictment, or whether the indictment provided Mr. Howard notice of all offense elements for Fifth and Sixth Amendment purposes. Courts must still address "whether the indictment provides 'the substantial safeguards' to criminal defendants that indictments are designed to guarantee."[41] The Order's failure to address the breach of these safeguards which violated Mr. Howard's constitutional rights ratified these violations in a manner that is contrary to Supreme Court and Ninth Circuit authority.

Fourth, in light of *Enslin* being the now-overturned law in place at the time of Mr. Howard's indictment, and in light of *Keith's* holding that looking back to the record to guess what is in the minds of the grand jury is prohibited, it is questionable whether *Greer* and/or *Pollard* can even apply to allow a review of Mr. Howard's criminal history to determine the question of whether the defective indictment violated his Fifth and Sixth Amendment rights.

Reasonable jurists could disagree whether the defective indictment violated Mr. Howard's Fifth and Sixth Amendment rights, whether it resulted in structural error obviating the need to demonstrate prejudice, and whether Mr. Howard procedurally defaulted these claims. A COA should issue on Mr. Howard's Fifth and Sixth Amendment claims relating to the defective indictment. The denial of Mr.

---

[41] *United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

14

Howard's motion for a COA was contrary to Supreme Court and Ninth Circuit authority.

## CONCLUSION

The denial of Mr. Howard's motion for a COA was contrary to Supreme Court and Ninth Circuit authority. At the very least, because reasonable jurists could debate whether Mr. Howard was entitled to relief as to his claims relating to defects in the indictment, the Panel's Order should be reversed and Mr. Howard should be granted a COA as to his claims concerning the defects in the indictment.

Dated: July 8, 2022.

**The Law Offices of Kristina Wildeveld & Associates,**

*/s/ Lisa A. Rasmussen*

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
*Attorneys for Defendant-Appellant Abdul Howard*

15

## CERTIFICATE OF COMPLIANCE

The above APPELLANT ABDUL HOWARD'S MOTION FOR RECONSIDERATION OF ORDER DENYING CERTIFICATE OF APPEALABILITY does not exceed 15 pages, contains 3,742 words, 9th Cir. R. 40-1(a), and complies with the formatting requirements of FRAP 32(c)(2).

Dated: July 8, 2022.      **The Law Offices of Kristina Wildeveld & Associates,**

*/s/ Lisa A. Rasmussen*

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
*Attorneys for Defendant-Appellant Abdul Howard*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 8, 2022, I served a copy of the foregoing APPELLANT ABDUL HOWARD'S MOTION FOR RECONSIDERATION OF ORDER DENYING CERTIFICATE OF APPEALABILITY upon all persons registered for electronic service in this case, including, but not limited to:

Adam M. Flake, AUSA     adam.flake@usdoj.gov

Dated: July 8, 2022.      **The Law Offices of Kristina Wildeveld & Associates,**

*/s/ Lisa A. Rasmussen*

LISA A. RASMUSSEN, ESQ.
Nevada Bar No. 7491
*Attorneys for Defendant-Appellant Abdul Howard*

END OF EXHIBITS



ABDUL HOWARD #47855048
United STATES Penitinciery
USP AtwaTer
P.O.Box 019001
AtwaTer, CA 95301

"LEGAL"
MAIL

CLERK U.S. COUR
FOR THE NINTH C
P.O.Box
SAN FRANCISCO



CLERK U.S. COURT OF APPEALS
FOR THE NINTH CIRCUIT
P.O. BOX 193939
SAN FRANCISCO, CA 94119-3939

