UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ABDUL HOWARD,<br><br>          Petitioner,<br><br>   v.<br><br>WARDEN TRATE,<br><br>          Respondent. | Case No. 1:23-cv-00053-CDB (HC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF JURISDICTION<br><br>(Doc. 1)<br><br>**21-day Deadline**<br><br><u>Clerk of the Court to assigned District Judge</u> |

Petitioner Abdul Howard ("Petitioner") is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Petitioner seeks review of his custody and vacatur of the judgment and sentence imposed on him by the United States District Court for the District of Nevada. For the reasons that follow, the Court will recommend that the petition be dismissed for lack of jurisdiction.

**Background**

On June 5, 2014, following a 12-day jury trial in the District of Nevada, Petitioner was convicted of all 27 counts in a superseding indictment charging him with Hobbs Act robbery, possession of a firearm during, in relation to and in furtherance of a crime of violence, and felon in

---

[1] At that time he commenced this action, Petitioner was housed at USP-Atwater, in the Eastern. District of California. *See* (Doc. 2 at 1-2).

1

possession of a firearm. *See United States v. Howard*, No. 2:13-cr-186-GMN-VCF, (D. Nev.) (Docs. 20, 187). At Petitioner's request, sentencing was continued to January 8, 2015. (Docs. 232, 240). Following a sentencing hearing, judgment was entered against Petitioner imposing sentence as follows: 15 years as to Count 25 (felon in possession of a firearm), concurrent to all other counts; 240 months as to Count 27 (Hobbs Act robbery), concurrent to all other counts; life as to Counts 1, 3, 5, 7, 9, 11, 13, 15, 17, 19, 21, 23, 26 (Hobbs Act robbery), concurrent to all other counts; and life as to Counts 2, 4, 6, 8, 10, 12, 14, 16, 18, 20, 22, 24 (possession of firearm in furtherance of crime of violence), consecutive to all other counts. (Doc. 252).

Following his direct appeal, on June 24, 2016, the Ninth Circuit Court of Appeals affirmed Petitioner's convictions in an unpublished, amended memorandum disposition. (Doc. 293). *See United States v. Howard*, 650 Fed. Appx. 466 (9th Cir. 2016). The Court of Appeals rejected Petitioner's two asserted claims of error: that Hobbs Act robbery is not a crime of violence, and that certain jury irregularities necessitated a mistrial. *Id*. at 468-69.

On August 1, 2019, Petitioner filed in the District of Nevada a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence. (Doc. 337). After appointment of counsel, Petitioner filed a renewed § 2255 motion (Doc. 363) and, on August 13, 2020, an amended § 2255 motion (Doc. 368). Relevant here, in those motions, Petitioner argued (1) that his state law convictions for robbery and coercion could not be considered serious violent felonies under the residual clause of 18 U.S.C. § 3559(c), and (2) that his trial counsel was ineffective in failing to investigate and secure certain witnesses and ignored Petitioner's incompetency during trial. (Doc. 376 at 5-6, 11-12).

On December 16, 2021, the district court denied Petitioner's § 2255 motions and denied issuance of a certificate of appealability. (Doc. 376). Relevant here, the Court rejected Petitioner's § 3559(c) residual clause argument as inapplicable given that the Court enhanced Petitioner's sentence for his prior state law convictions under the enumerated offense clause of § 3559(c). *Id*. at 6-7. The Court also rejected Petitioner's ineffective assistance of counsel claims, noting that he failed to establish prejudice under *Strickland v. Washington*. *Id*. at 11-12. The Court denied Petitioner a certificate of appealability. *Id*. at 12. Petitioner appealed and, on June 24, 2022, the Court of Appeals denied a certificate of appealability and dismissed the appeal. (Docs. 378, 384). *See United States v.*

*Howard*, No. 22-15040, 2022 WL 2700324 (9th Cir. June 24, 2022). On Petitioner's subsequent motion, the Court of Appeals denied reconsideration. (Doc. 394).

On March 7, 2023, Petitioner filed an "amended" § 2255 motion in the District of Nevada. (Doc. 402). The Court construed Petitioner's filing as a second or successive § 2255 motion, noting that it presented the same issues as Petitioner's first § 2255 motion, supplemented with affidavits from alleged witnesses in support of his "actual innocence" defense. (Doc. 416). The Court denied the motion, noting that it lacked jurisdiction because the Court of Appeals did not authorize Petitioner's filing of a successive petition as required under § 2255(h). *Id*. at 4. Petitioner filed a further § 2255 motion on September 9, 2024, that the district court summarily denied as duplicative and/or successive of his earlier § 2255 motions. (Docs. 471, 482).

**<u>Petitioner's Claims</u>**

Petitioner purports to bring his petition for writ of habeas corpus under the "escape hatch" of 28 U.S.C. § 2255. (Doc. 1 at 3).[2]

As for "Issue #1," Petitioner asserts he has not had an unobstructed procedural shot to present his claim that trial counsel was ineffective in failing to present at trial certain witnesses Petitioner claims would have testified to an alibi defense (specifically, that he was 800 miles away from the scene of the crime). *Id*. at 4-8. Petitioner asserts that affidavits for some or all of these witnesses were provided to appellate counsel and directly to the Ninth Circuit (presumably in connection with Petitioner's direct appeal or appeal of the district court's dismissal of his § 2255 motion) and were included in Petitioner's § 2255 motion. *Id.* at 8.

As for "Issue #2," Petitioner asserts that "his mental state or competency was not truly [sic] functioning correctly" during trial and that his trial counsel failed to investigate and present this as a defense. *Id*. at 11. Petitioner alleges that he advised the trial court that he was unable to remain focused due to his lack of food intake prompted by his medications. Petitioner asserts he submitted in support of his earlier § 2255 motion sealed exhibits reflecting that he was taking certain prescription medications.

---

[2] References to Petitioner's petition cite the CM/ECF-assigned page number.

As for "Issue #3," Petitioner asserts that trial counsel provided false information to the probation office which is now being used by unnamed "psychology treatment staff in the program in which [Petitioner] is seeking help with mental, and addiction issues." *Id*. at 13.  Petitioner also asserts that the pretrial sentence report contained other inaccuracies, including identifying certain state charges against Petitioner without indicating those charges were dismissed and other, unidentified incorrect information about Petitioner's family, employment, and education history. *Id*.

As for "Issue #4," Petitioner asserts he was erroneously sentenced under Section 3559 as two predicate crimes were not, in fact, crimes of violence. *Id*. at 14.  Petitioner raises additional arguments regarding the alleged deficiencies of his state court convictions, including deficient notices of enhancement rendering the applicable indictment(s) rendering them defective. *Id*. at 17.

**Preliminary Screening Requirement**

Rule 4 of the Rules Governing § 2254 Cases requires the Court to conduct a preliminary review of each petition for writ of habeas corpus.[3]  Pro se habeas corpus petitions are to be liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  However, the Court must dismiss a petition "[i]f it plainly appears from the petition…that the petitioner is not entitled to relief."  Habeas Rule 4; *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).  Habeas Rule 2(c) requires that a petition 1) specify all grounds of relief available to the Petitioner; 2) state the facts supporting each ground; and 3) state the relief requested.  Notice pleading is not sufficient; rather, the petition must state facts that point to a real possibility of a constitutional error. *Mayle v. Felix*, 545 U.S. 644, 655 (2005) ("Habeas Corpus Rule 2(c) is more demanding").  Allegations in a petition that are vague, conclusory, or palpably incredible are subject to summary dismissal. *Hendricks*, 908 F.2d at 491.  A petition for habeas corpus should not be dismissed without leave to amend "unless it appears that no tenable claim for relief can be pleaded were such leave to be granted." *Jarvis v. Nelson*, 440 F.2d 13, 14 (9th Cir. 1971) (per curiam).

///

///

---

[3] The Rules Governing § 2254 cases in the United States Courts (Habeas Rules) are appropriately applied to proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule 1(b).

4

**Jurisdiction**

In general, a federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by way of a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. *Stephens v. Herrera*, 464 F.3d 895, 897 (9th Cir. 2006), cert. denied, 549 U.S. 1313 (2007); *Tripati v. Henman*, 843 F.2d 1160, 1162 (9th Cir. 1988). In such cases, only the sentencing court has jurisdiction. *Tripati*, 843 F.2d at 1163; *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000).

At the time Petitioner filed his petition, courts recognized an exception to this general rule by which a federal prisoner could challenge the validity or constitutionality of his federal conviction or sentence under § 2241, referred to as the "savings clause" or "escape hatch" of § 2255, with the filing of a § 2241 petition in the district of the petitioner's confinement. *See Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008). Under the § 2255 escape hatch, "a federal prisoner may file a § 2241 petition if, and only if, the remedy under § 2255 is 'inadequate or ineffective to test the legality of his detention.'" *Marrero v. Ives*, 682 F.3d 1190, 1192 (9th Cir. 2012) (quoting *Stephens*, 464 F.3d at 897). In the Ninth Circuit, a remedy is not deemed "inadequate or ineffective" merely because § 2255's gatekeeping provisions prevent the petitioner from filing a second or successive petition. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *accord Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (per curiam) (§ 2255 not inadequate or ineffective simply because the district court dismissed the § 2255 motion as successive and court of appeals did not authorize a successive motion). Instead, prior to 2023, § 2255 was deemed to provide an "inadequate and ineffective" remedy (and, thus, permit a petitioner to proceed under Section 2241 in the district of confinement) when the petitioner: (1) makes a claim of actual innocence; and (2) has never had an "unobstructed procedural shot" at presenting the claim. *Harrison*, 519 F.3d at 959; *Stephens*, 464 F.3d at 898; *accord Marrero*, 682 F.3d at 1192. The petitioner bears the burden to show that a remedy under § 2255 is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). If a petitioner fails to meet this burden, then his § 2241 petition must be dismissed for lack of jurisdiction. *Ivy*, 328 F.3d at 1060.

In June 2023, the Supreme Court held in *Jones v. Hendrix* that § 2255(e) only "preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek

relief in the sentencing court." 599 U.S. 465, 478 (2023).  The court noted that § 2255(h) specifies the two limited circumstances permitting a federal prisoner to bring a second or successive collateral attack on his sentence: (1) where new evidence clearly and convincingly shows no reasonable factfinder could find the movant guilty; and (2) a new rule of constitutional law, previously unavailable, could apply retroactively to the movant's case.  *See id.* at 480; 28 U.S.C. § 2255(h).  In significantly narrowing the ambit of § 2241, the Court held that "[t]he inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all." *Jones*, 599 U.S. at 480.

**Discussion and Analysis**

Petitioner fails to provide an adequate petition for writ of habeas corpus and fails to establish this Court possesses jurisdiction over his "escape hatch" claim, particularly where the Ninth Circuit has declined to permit Petitioner to file any additional successive § 2255 petitioners.

Specifically, Petitioner fails to demonstrate "unusual circumstances" that "make it impossible or impracticable to seek relief in the sentencing court." *Jones*, 599 U.S. at 478.  Although he argues that he has not had an "unobstructed procedural shot" previously to raise the claims he advances in the instant petition, in fact, as set forth above, Petitioner presented three of the four same claims in one or more of his earlier § 2255 motions in the District of Nevada (*e.g.*, Issue #1, Issue #2, and Issue #4, *supra*).  And while the undersigned doubts that the claims asserted in Issue #3 (*e.g.*, false or inaccurate information in the pretrial services report) could provide a basis for habeas relief, here, it is immaterial because Petitioner could have but did not raise those challenges either in his direct appeal or earlier § 2255 petitions.  *See Ivy*, 328 F.3d at 1060 (finding that failure to assert habeas claim either in the petitioner's direct appeal or initial § 2255 motion such that claim was procedurally barred "does not mean that § 2255's remedy was 'inadequate or ineffective.'").  Therefore, Petitioner's § 2241 petition does not fit within the exception to the general bar against using § 2241 to collaterally attack a conviction or sentence imposed by a federal court and must be dismissed for lack of jurisdiction.

\*      \*      \*      \*      \*

Had Petitioner not previously filed § 2255 motions in the District of Nevada, the undersigned could construe the petition here as a § 2255 motion and transfer it to the District of Nevada (the only

court to possibly have jurisdiction over Petitioner's habeas claims). But since Petitioner previously filed multiple § 2255 motions in that district, and since the Ninth Circuit has not authorized Petitioner to file a second and successive § 2255 motion, transfer would not be in the interests of justice because it would be futile. Accordingly, the undersigned will recommend that the petition be dismissed for lack of jurisdiction. *Cf. Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir.1990) (under 28 U.S.C. § 1631, if a district court finds it lacks jurisdiction, it must transfer habeas corpus proceeding to the appropriate court when such transfer is in the interests of justice).

**Conclusion and Recommendations**

Based on the foregoing, the Court DIRECTs the Clerk of the Court to assign a District Judge.

The undersigned FURTHER RECOMMENDS that Petitioner's petition for habeas corpus be dismissed for lack of jurisdiction.

These Findings and Recommendations will be submitted to the U.S. District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 21 days** after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court. Local Rule 304(b). The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations" and **shall not exceed 15 pages** without leave of Court and good cause shown. The Court will not consider exhibits attached to the Objections. To the extent any party wishes to refer to any exhibit(s), that party should reference the exhibit in the record by its CM/ECF document and page number, when possible, or otherwise reference the exhibit with specificity. Any pages filed in excess of the 15-page limitation may be disregarded by the District Judge when reviewing these Findings and Recommendations under 28 U.S.C. § 636(b)(l)(C). A party's failure to file any objections within the specified time may result in the waiver of certain rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __May 30, 2025__         _____
UNITED STATES MAGISTRATE JUDGE